IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FILED
01 JAN 31 PM 3:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JANICE MORGAN, BARBARA RICHARDSON, on behalf of themselves and all others similarly situated,  )<br><br>Plaintiffs,  )<br><br>vs.  )<br><br>FAMILY DOLLAR STORES, INC.,  )<br><br>Defendants.  ) | CIVIL ACTION NUMBER:<br>CV-01-<br><br>CV-01-C-0303-W |

## COMPLAINT

**COME NOW** the plaintiffs, Janice Morgan and Barbara Richardson, and file this lawsuit against the Defendant, Family Dollar Stores, Inc. for herself and all other similarly situated, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action state the following:

1. Defendant Family Dollar Stores, Inc. is a corporation conducting business in the State of Alabama. Defendant also operates approximately 3,700 store locations throughout the United States.

2. Plaintiff Morgan currently resides in Childersburg, Alabama.

3. Plaintiff Richardson currently resides in Forkland, Alabama.

4. At all times material to this action, the plaintiff, Morgan, was employed by defendant at its stores #1503 and #3574 (Dalton, Georgia) and #4042 (Sommerville, Alabama).

5. At all times material to this action, the plaintiff, Richardson, has been employed by

1

the defendant at its store #1064 (Eutaw, Alabama).

6. This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. and specifically the collection action provision of the Act found at Section 216(b), for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by defendant which have deprived the named plaintiff, as well as others similarly situated to the named plaintiff, of their lawful wages.

7. This action is brought to recover unpaid compensation, in the form of sales incentives, commissions, bonuses, vacation and sick time, owed to plaintiff and all employees and former employees of defendant who are similarly situated, pursuant to FLSA. For at least three years prior to filing this complaint, defendant has had a uniform policy and practice of consistently requiring its alleged "managerial" employees to work 60-90 per week for a salaried amount without sales incentives, overtime compensation, commission, bonuses, vacation or sick time. The alleged managerial employees, including the named plaintiff, perform managerial duties approximately 5-10 hours per week. The remainder of their time is spent performing non-managerial functions, including, but not limited to, running the registers, stocking merchandise and janitorial duties. The plaintiffs, as well as all similarly situated other alleged managerial employees, were paid a specified weekly salary. The plaintiffs, as well as other similarly situated employees, were not paid any overtime compensation despite the fact that the employees worked 20-50 hours a week over the required 40 hours and that the vast majority of their hours were spent performing non-managerial job duties. The plaintiffs and all similarly situated

2

employees who elect to participate in this action seek unpaid sales incentives, commission, bonuses, vacation and sick time, overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b).

9. Defendant is subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

10. At all times material to this action, Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

11. At all times relevant to this action, defendant was an "employer" of the named plaintiffs as defined by §203(d) of the FLSA.

12. At all times material to this action, the plaintiffs are and/or were an "employee" of defendant as defined by §203(e)(1) of the FLSA, and worked for defendant within the territory of the United States within three years preceding the filing of this lawsuit.

13. The provisions set forth in §§206 and 207, respectively, of the FLSA apply to defendant and all members of the plaintiff class herein were covered by §§ 206 and 207 of the FLSA while they were employed by Defendant.

14. At all times relevant to this action, defendant employed plaintiffs in the capacity of managerial employees, including, but not limited to, Assistant Manager and

3

Manager.

15. The services performed by plaintiffs were a necessary and integral part of and directly essential to defendant's business.

16. The plaintiffs and other similarly situated managerial employees were required to perform both managerial and non-managerial duties without sales incentives, overtime compensation, commission, bonuses, vacation or sick time.

17. Defendant has intentionally failed and/or refused to pay the plaintiffs and other managerial salary/rates according to the provisions of the FLSA.

18. The systems, practices and duties of the named plaintiffs have existed for at least three years throughout the defendant's businesses.

19. For at least three years, the defendant has been aware of the requirements of the FLSA and its corresponding regulations necessary to provide managerial employees with sales incentives, commission, overtime compensation, bonuses, vacation and sick time. Despite this knowledge, the defendant has failed to pay its employees the mandatory lawful incentives, commission, overtime compensation, bonuses, vacation and sick time to conform the duties of these employees to the requirements of the FLSA.

20. Defendant has intentionally and repeatedly misrepresented the true status of managerial compensation to its employees as well as their entitlement to managerial incentives, commission, bonuses, overtime compensation, vacation and sick time in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them. The plaintiffs, as well as other similarly situated present and

former employees, relied upon these misrepresentations by defendant and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

21. As a result of the actions of defendant in fraudulently concealing the true status of its employees when performing managerial duties under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for long as defendant engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendant is estopped from raising such statute of limitations as a bar.

22. There are numerous other similarly situated employees and former employees of defendant who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendant and are readily identifiable and locatable through defendant's records. Specifically, all managerial employees and former managerial employees of Defendant who have been employed with the defendant who have worked managerial duties and not been compensated for same, would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

23. Defendant further has engaged in widespread pattern and practice of violating the provisions of FLSA by failing to pay plaintiffs and other similarly situated employees and former employees in accordance with §207 of the FLSA.

24. As a result of defendant's violations of the FLSA, the named plaintiffs, as well as all others similarly situated, have suffered damages by failing to receive managerial compensation in accordance with §207 of the FLSA.

25. In addition to the amount of unpaid wages and benefits owing to the plaintiffs and all other similarly situated, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

26. Defendant's actions in failing to compensate the plaintiffs, as well as other similarly situated employees and former employees, in violation of the FLSA, were wilful.

27. Defendant has not made a good faith effort to comply with the FLSA.

28. The plaintiffs, and all others similarly situated, are also entitled to an award of attorney's fees pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, the plaintiffs, individually and on behalf of all other similarly situated persons, pursuant to §216(b) of the FLSA, pray for the following relief:

1. At the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all defendant's employees in all locations within the United States during the three years immediately preceding the filing of this suit, to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were not paid managerial compensation and benefits pursuant to 29 U.S.C. §216(b);

2. The plaintiffs be awarded damages in the amount of his respective unpaid

compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

3. Plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action; and

4. Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

5. Plaintiffs further demand a jury to try the issues when joined.

Respectfully submitted,

*/s/ Greg Wiggins*

Gregory O. Wiggins
Counsel for the Plaintiff

OF COUNSEL:

GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.
1400 SouthTrust Tower
Birmingham, Alabama 35203
205/328-0640

J. Allen Schreiber
SCHREIBER & PETRO, P.C.
Two Metroplex Drive, Suite 107
Birmingham, Alabama 35243
205/871-5080

7

**DEFENDANT'S ADDRESS:**

(1)  Family Dollar Stores, Inc., Store ##1503
     1289 Cleveland Highway
     Dalton, GA 30721

(2)  Family Dollar Stores, Inc., Store #3574
     3901 Cleveland Highway
     Dalton, GA 30721

(3)  Family Dollar Stores, Inc., Store #4042
     5276 Highway 675
     Sommerville, Alabama 35670

(4)  Family Dollar Stores, Inc., Store #1064
     117 Greensboro Street
     Eutaw, Alabama 35462