IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JANICE MORGAN, BARBARA RICHARDSON, CORA CANNON, LAURIE R. TROUT (WILSON) on behalf of themselves and all others similarly situated, ) ) ) ) ) ) | |
| Plaintiffs, ) | |
| vs. ) ) | CIVIL ACTION NUMBER: CV-01-C-0303-W |
| FAMILY DOLLAR STORES, INC., ) ) | |
| Defendants. ) | |

**PLAINTIFFS' RENEWED MOTION TO FACILITATE NOTICE (29 U.S.C. §216(b))**

**COMES NOW** the plaintiffs, Janice Morgan, Barbara Richardson, Cora Cannon, Gloria Charles, Linda Smith and Laurie R. Trout (Wilson), by and through the undersigned counsel, and respectfully, pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), move this Honorable Court for an Order (1) holding that the above-captioned case will proceed as a collective action; (2) authorizing notice by first class mail to all similarly situated management employees employed by Family Dollar Stores, Inc. at any time during the three years prior to the filing of this action to inform them of the nature of the action and their right to opt-into this lawsuit; and (3) ordering Family Dollar Stores, Inc. to produce a computer-readable data file containing the names, addresses, Social Security number and telephone numbers of such potential opt-ins so that notice may be implemented.

Plaintiff initially filed their Motion to Facilitate Notice and their Memorandum in Support

1

of said notice April 13, 2001. The defendant objected to said proposal on May 3, 2001. On May 7, 2001, this Court "overruled without prejudice" the plaintiffs' motion. In support of its opposition, the defendant raised the following concerns: (a) plaintiffs' motion was premature; (b) plaintiffs failed to satisfy the requirements for opt-in notice under 216(b) of the FLSA; and (c) plaintiffs' proposed notice was deficient and erroneous.

In response to the defendant's opposition, plaintiffs state the following.

(a) <u>Plaintiffs' Motion Was Premature</u>

The defendant's main concern was that a protracted period of discovery was required given the breadth of what was being proposed. The defendant suggested that the parties should first meet and discuss the factual basis of the claim. The parties have since met and discussed said claims.

(b) <u>Plaintiffs Failed To Satisfy The Requirements For Opt-in Notice Under 216(b)</u>

The defendant's main contention was that the (1) parties had not held a Rule 26 planning meeting; (2) plaintiffs had not presented any details concerning their allegations; (3) plaintiffs have failed to demonstrate that there were other employees who desired to opt-in; and (4) plaintiffs had failed to show other potential opt-ins were similarly-situated.

(1) <u>Parties Had Not Held A Rule 26 Planning Meeting</u>

On June 1, 2001 and August 30th and 31st, 2001, the parties held the required report of parties planning meeting. Through inadvertence and error the parties did not file said report until September 4, 2001. On September 6, 2001, the Court has adopted said report.

(2) <u>Plaintiffs Had Not Presented Any Details Concerning Their Allegations</u>

As evidence by the attached declarations, the current members of this collective action have

set out in detail specific allegations in regards to what their claims in this lawsuit are.

        (3)    Plaintiffs Have Failed To Demonstrate That There
               Where Other Employees Who Desired To Opt-in

Initially there were two named plaintiffs (Morgan and Richardson) who initiated this lawsuit. Since the original filing of the lawsuit, five individuals have filed the necessary opt-in notices required to join said lawsuit. Whereas, this number is not significantly large, these individuals have joined on their own without notice initiative from the Court. Plaintiffs' counsel believes, based on the facts outlined in the attached declarations, that other current and former manager would opt-in if given notice.

        (4)    Plaintiffs Have Failed To Show Other
               Potential Opt-ins Were Similarly Situated.

As the Court can readily determine through an examination of the declarations submitted, all of the current members of this lawsuit are similarly-situated in that they all held the position entitled Store Manager, they all were required to approximately 50-80 hours per week, they were all on controlled budget and they all spent approximately 80-90% of their time performing **non-managerial** duties.

As the Court is aware, each day that passes eliminates not only potential opt-ins from having timely claims but also reduces the amount of time timely opt-in plaintiffs can claim in damages.

**WHEREFORE, PREMISES CONSIDERED**, plaintiffs pray for an Order granting the plaintiff motion to facilitate notice as set out in the attached Memorandum submitted in support of said motion.

3

Respectfully submitted,

_____
Gregory O. Wiggins
Counsel for the Plaintiffs

OF COUNSEL:

GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.
1400 SouthTrust Tower
Birmingham, Alabama 35203
205/328-0640

J. Allen Schreiber
SCHREIBER & PETRO, P.C.
Two Metroplex Drive, Suite 107
Birmingham, Alabama 35243
205/871-5080

J. Nelson Thomas
DOLIN, THOMAS & SOLOMON, P.C.
135 Corporate Woods
Rochester, New York 14623
716/272-0540

## CERTIFICATE OF SERVICE

I do hereby certify that I have mailed a copy of the above and foregoing, by U.S. Mail, properly addressed and postage prepaid, on:

James Walker May
T. Matthew Miller
BRADLEY, ARANT, ROSE & WHITE, LLP
2001 Park Place North, Suite 1400
Birmingham, Alabama 35203

This the 18 day of October, 2001.

_____
OF COUNSEL