IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| JANICE MORGAN, BARBARA RICHARDSON, CORA CANNON, and LAURA R. TROUT-WILSON, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION NUMBER: 01-C-0303-W |
| FAMILY DOLLAR STORES, INC., | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Before this Court is Plaintiffs' Renewed Motion to Facilitate Nationwide Notice (Document 47). For the reasons elaborated herein, this Court will **GRANT** Plaintiffs' Renewed Motion to Facilitate Nationwide Notice.

**STATEMENT OF FACTS**

Plaintiffs filed this lawsuit on behalf of themselves and all others similarly situated against Defendant Family Dollar Stores, pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (Plaintiffs' Third Amended Complaint.) This action is brought to recover unpaid overtime compensation allegedly owed to Plaintiffs. (*Id.* at ¶ 11.) Plaintiffs contend that they and other similarly situated managerial employees were required to

perform both managerial and non-managerial duties without receiving overtime compensation. (*Id.* at ¶ 19.) Plaintiffs assert that, for at least three years prior to the filing of this Complaint, Defendant has had a uniform policy and practice of consistently requiring its alleged "managerial" employees to work sixty to ninety hours per week for a salaried amount without overtime compensation. (*Id.* at ¶ 11.) The seven named Plaintiffs are or were employed by Defendant in positions titled "manager." However, the managerial duties of the named Plaintiffs' were minimal as compared to other job duties they regularly performed. (*Id.*) Plaintiffs contend that they performed managerial duties for only approximately five to ten hours per week. (*Id.*) The remainder of their time is or was spent performing non-managerial functions including, but not limited to, operating the cash registers, stocking merchandise, and performing various janitorial duties. (*Id.*) Even though these employees have stated that they worked between twenty and fifty hours per week in excess of the required forty hours, and the vast majority of their hours worked were spent performing non-managerial job functions, the employees did not receive any overtime compensation. (*Id.*)

The named plaintiffs, and all similarly situated employees who elect to participate in this action, seek unpaid overtime compensation, prejudgment interest on award of back-pay, an equal amount of liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 216(b). (*Id.*)

## DISCUSSION

Plaintiffs' counsel first filed a Motion to Facilitate Notice to all class members on April 26, 2001. (Document 13.) Defendant's counsel objected to that motion on the following three grounds: (a) Plaintiffs' motion was premature because the parties agreed to an initial period of

preliminary discovery; (b) Plaintiffs failed to satisfy the requirements for opt-in notice under Section 216(b) of the FLSA; and (c) Plaintiffs' proposed notice to class members was deficient and erroneous. (Plaintiffs' Renewed Motion to Facilitate Notice, at p. 2; Documents 31, 34.) This Court denied that motion without prejudice on May 7, 2001. (Document 20.)

Plaintiffs' counsel filed a Renewed Motion to Facilitate Notice on October 18, 2001. (Document 31.) This Court rendered Plaintiffs' renewed motion moot on April 22, 2002. (Document 40.)

Plaintiffs' counsel filed the currently pending Renewed Motion to Facilitate Nationwide Class Notice on October 3, 2002. (Document 47.) The motion requests permission to send notice to all former and current Store Managers who work and/or worked for the Defendant over the last three years. (Plaintiffs' Motion to Facilitate Nationwide Class Notice at ¶ 13.) Likewise, Plaintiffs' counsel requests a computer generated list of potential opt-ins (including the individuals' names, last known address, Social Security number, and store location(s) where they worked) within two weeks of the entry of an Order granting this motion. (*Id.*)

Following more than twenty months of litigation, there are seven named Plaintiffs in this lawsuit. (Document 38.) Plaintiffs' counsel proposes facilitating nationwide class notice to all current and former Store Managers employed in Family Dollar Stores' approximately 4,545 stores in operation located in 40 states. (Wiggins Aff. at ¶ 1.) Plaintiffs' counsel estimates that there are approximately 11,164 current and/or former Store Managers who have not been notified of the pending litigation. (Plaintiffs' Renewed Motion to Facilitate Nationwide Class Notice at ¶ 6.)

The pre-requisite to Section 216(b) notice is that the Plaintiffs meet an evidentiary

burden consisting of two primary factors. At a minimum, Plaintiffs must show that: (1) there are other employees who desire to opt-in; and (2) these other employees are similarly situated (to the named Plaintiffs) with respect to their job requirements and pay provisions. *Dybach v. State of Florida Department of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). The *Dybach* Court noted that "[i]f the district court concludes that there are such other employees, we leave it to the district court to establish the specific procedures to be followed with respect to such possible 'opting-in.'" *Id.* at 1568.

After deposing the seven original plaintiffs and opt-ins in the case at bar, counsel for the parties jointly agreed to send notice of the pending lawsuit to current and former Store Managers in the regions where the seven plaintiffs worked from July 1, 1999 until the present. (Plaintiffs' Renewed Motion to Facilitate Nationwide Class Notice at ¶ 3.) On July 24, 2002, 784 notices were sent to former and current Store Managers who worked in these three corporate regions. (*Id.*) Of the 784 notices mailed, approximately 85 of these notices were returned due to incomplete or inaccurate addresses. (*Id.*)

As of October 3, 2002, 142 Consent to Join forms have been filed with this Court from individuals who worked and/or currently live in ten states. (Wiggins Aff. at ¶ 3.) Plaintiffs' counsel contends that this satisfies the "numerosity" requirement stated in *Dybach*. Additionally, Plaintiffs' counsel states that they have received approximately forty telephone calls from individuals who: (1) have indicated their desire to join the lawsuit and are in the process of filing their Consent to Join forms; and/or (2) did not receive notice of the lawsuit, but, by way of "word of mouth" notice of the lawsuit, have indicated a desire to join. (Plaintiffs' Renewed Motion to Facilitate Nationwide Class Notice at ¶ 4.)

Of the 142 individuals who have already filed Consent to Join forms, there are several similarities among the members of the group, including: (a) the opt-ins were or are required to work sixty to eighty hours per week; (b) they are paid a fixed, weekly salary; (c) they spend approximately 75-90% of their time performing non-managerial duties such as operating the cash register, stocking shelves, unloading trucks, and performing janitorial duties; (d) they are required to report to work before the store is open for business and are required to remain at the store after the store is closed; (e) they do not always supervise two or more employees; (f) they cannot hire, discipline, and/or terminate employees without first obtaining permission from their supervisor; (g) they cannot select outside vendors for the store without obtaining permission from their supervisors; and (h) the store managers have been denied time off from their jobs and threatened with loss of pay if, in fact, they do not work a minimum of forty-eight hours per week. (*Id.* at ¶ 8; responses from questionnaires, Document 57.) Plaintiffs' counsel asserts that these similarities among the opt-ins and the named Plaintiffs satisfy the "similarly situated" requirement from *Dybach*.

Plaintiffs' currently pending motion to facilitate nationwide class notice is their third such attempt. To date, there are seven named Plaintiffs in this suit. Counsel for the parties jointly decided that those seven plaintiffs were sufficiently similarly situated so as to justify the mailing of notices to 784 former and/or current Store Managers in three of Defendant's corporate regions. Of the 699 notices that were not returned for faulty address, this Court has already received 142 Consent to Join forms. The 142 opt-ins represent slightly more than a 20% response rate from the pool of notices sent in July. Plaintiffs' counsel has filed under seal with this Court copies of questionnaires received from opt-ins in Mississippi, Alabama, Georgia, and

New York demonstrating multiple similarities found among the opt-ins received to date. Based on the information received to date, this Court finds that the Plaintiffs have satisfied the numerosity requirement for nationwide class notice. Similarly, this Court finds that the facilitation of nationwide class notice to more than 11,000 potential class opt-ins would not result in this case becoming "literally unmanageable," as Defendant's counsel has asserted.

Likewise, while this Court acknowledges that there exist some differences between the named Plaintiffs and the opt-ins in terms of pay scale and job duties, these differences do not preclude the facilitation of nationwide service. After all, the requirement in *Dybach* is that Plaintiffs be <u>similarly situated</u>; *Dybach* does not require that they be identically situated. Furthermore, simply noting that stores have different locations, are of various sizes, and sell different volumes of merchandise does not conclusively indicate that the job responsibilities and salaries of Store Managers are not similar. Once again, the applicable standard is "similarly situated" – not identically situated – and it is a matter within the sound discretion of the trial court to determine whether the standard has been satisfied. This Court finds that Plaintiffs have satisfied this standard.

## CONCLUSION

Based on these findings, this Court concludes that Plaintiffs have satisfied the numerosity and "similarly situated" requirements to justify facilitation of nationwide notice. Accordingly, this Court **GRANTS** Plaintiffs' Renewed Motion to Facilitate Nationwide Class Service by separate order.

DONE this 7th day of November, 2002.

_____
Chief United States District Judge
U.W. Clemon