IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FILED
04 MAY 12 PM 4: 14
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| JANICE MORGAN, and BARBARA RICHARDSON, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | CV-01-C-0303-W |
| FAMILY DOLLAR STORES, INC., | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT UNDER DOCTRINE OF JUDICIAL ESTOPPEL AS TO CERTAIN PLAINTIFFS' CLAIMS OR ALTERNATIVELY FOR DISMISSAL FOR LACK OF STANDING**

Pursuant to Federal Rule of Civil Procedure 56, Defendant Family Dollar Stores, Inc. ("Family Dollar") moves this Court to grant summary judgment in its favor as to all claims by the Plaintiffs listed on Exhibit A (hereafter "Plaintiffs"). Each of the Plaintiffs has filed for bankruptcy or continued an existing bankruptcy case following receipt of court authorized notice of their potential claims in this case. Each of the Plaintiffs failed to disclose this case as an asset on their bankruptcy schedules and thus all are barred from pursuing their claims. Alternatively, the Plaintiffs' claims are due to be dismissed because they lack standing to pursue them.

1.  As shown in Exhibit A, and in the docket printouts attached as Exhibit 1 to the attached Affidavit of Koni McBride, Plaintiffs have filed for bankruptcy or maintained an existing case in bankruptcy after receiving written notice of their right to opt in to this case.[1]

---

[1] According to Family Dollar's records, each of the Plaintiffs was employed as a Store Manager by Family Dollar prior to the commencement of, or conversion of, their respective bankruptcy cases listed on Exhibit A. (See



257

2. As shown in the court documents attached as Exhibit 2 to the Affidavit of Lindsay Dobransky, and Exhibit 2 to the Affidavit of Koni McBride, none of the listed Plaintiffs disclosed the existence of this case in their bankruptcy schedules of assets, either initially or as an amendment.[2]

3. The Eleventh Circuit has held in three recent decisions, *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002); *DeLeon v. Comcar Industries, Inc.*, 321 F.3d 1289 (11th Cir. 2003); and *Barger v. City of Cartersville, Georgia*, 348 F.3d 1289 (11th Cir. 2003), that a plaintiff's failure to list a claim on his or her bankruptcy schedule of assets, either initially or through an amendment, judicially estops the plaintiff from pursuing such undisclosed claims in a lawsuit.

4. In *Burnes,* the Eleventh Circuit explained the importance of full disclosure in bankruptcy cases:

> A debtor seeking shelter under the bankruptcy laws must disclose all assets, or potential assets, to the bankruptcy court. 11 U.S.C. § 521(1), and 541(a)(7). The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change. *See In re Coastal Plains, Inc.,* 179 F.3d 197, 208 (5th Cir. 1999). Full and honest disclosure in a bankruptcy case is "crucial to the effective functioning of the federal bankruptcy system." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co. et al.,* 81 F. 3d 355, 362 (3d Cir. 1996). For example, creditors rely on a debtor's disclosure statements in determining whether to contest or consent to a no asset discharge. Bankruptcy courts also rely on the accuracy of the disclosure statements when considering whether to approve a no asset

---

Affidavit of Del Bristol, Exhibit B, p. 1)

[2] One of these Plaintiffs, Fleta M. Casey has filed four bankruptcy petitions since 2002. She failed to list this case on the schedules for her 2002 and 2003 bankruptcy cases. She listed this case in the schedules to her two 2004 bankruptcy filings. Her failure to list the case in her 2002 and 2003 petitions forms the basis for her inclusion in this motion on estoppel grounds. She also lacks standing to pursue her claims as they belong to the bankruptcy estate.

discharge. Accordingly, "the importance of full and honest disclosure cannot be overstated." *Burnes*, 291 F.3d at 1286.

5. Each of these Plaintiffs is judicially estopped from asserting claims previously undisclosed to the bankruptcy court where the Plaintiff both knew about the undisclosed claims and had a motive to conceal them from the bankruptcy court. *Barger*, 348 F.3d at 1295 (citing *DeLeon*, 321 F.3d at 1291). This applies equally to Chapter 7 and Chapter 13 bankruptcy cases. *DeLeon*, 321 F.3d at 1291.

6. It is undisputed that these Plaintiffs knew about their claims when they received notice of this lawsuit. Plaintiffs' counsel sent them notice prior to their filing of, or during the pendency of, their bankruptcy cases, and all failed to list their claims on their initial schedules or to amend existing schedules to include their claims. They failed to do so even after they opted into this case.

7. Each of these Plaintiffs had a motive to conceal their claims from the bankruptcy court. Indeed, the Eleventh Circuit has held that a bankrupt plaintiff with an alleged claim against a third party has a motive to conceal his or her claim to keep that asset from the reach of creditors. *DeLeon,* 321 F.3d at 1292. According to the Court, "a financial motive to secret assets exists under Chapter 13 as well as under Chapter 7 because the hiding of assets affects the amount to be discounted and repaid." *Id.* at 1291. In *Barger,* the Eleventh Circuit found that a plaintiff had a motive to conceal claims because "by omitting the claims she could keep any proceeds for herself and not have them become part of the bankruptcy estate." *Barger*, 348 F.3d at 1296.

8. In its recent decisions, the Eleventh Circuit has rejected various arguments by the plaintiffs that their failure to list their claims in the bankruptcy schedule was inadvertent or the fault of their attorney. *See e.g., Barger,* 348 F.3d 1289 (estoppel applied although debtor disclosed existence of claim to her bankruptcy attorney and trustee and her attorney failed to list the claim); *DeLeon,* 321 F.3d 1291 (attempt to reopen bankruptcy case after filing of motion to dismiss on estoppel grounds does not establish that failure to disclose was inadvertent). *Cf. Parker v. Wendy's Int'l, Inc.*, 2004 WL 813174 (11th Cir. April 15, 2004) (Where bankruptcy trustee reopened plaintiff's bankruptcy estate and moved to intervene in plaintiff's case prior to defendant's motion to dismiss, the trustee was not estopped from pursuing the underlying claims on behalf of plaintiff's creditors).

9. The Plaintiffs listed in Exhibit A each failed to list the claims they are personally asserting in this lawsuit as an asset of their bankruptcy estates. It is undisputed that each was sent notice of this case either prior to or during their bankruptcy and that each had a motive for failing to disclose their claims to their respective bankruptcy courts. Under binding Eleventh Circuit precedent, these Plaintiffs are thus estopped from pursuing their claims in this case. Accordingly, Family Dollar is entitled to summary judgment against these Plaintiffs.

10. Alternatively, these Plaintiffs lack standing to pursue some or all of their claims in this case and such claims should be dismissed. As the Eleventh Circuit recognized less than one month ago in *Parker v. Wendy's*, 2004 WL 813174 at *4, "[g]enerally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it." (citation omitted) "Thus, a trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to

prosecute causes of action belonging to the estate." *Id.* The "[f]ailure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate." *Id.* In the matter herein, each of these Plaintiffs have claims for back wages for work performed as a Store Manager before they filed their bankruptcy petitions. These claims are the property of the bankruptcy estate and, as such, only the trustees of their respective bankruptcy estates have standing to pursue them. Because the various trustees at issue have not intervened in this matter, the claims of these Plaintiffs are due to be dismissed.

Family Dollar therefore requests that this Court grant summary judgment in its favor as to the claims of each of the Plaintiffs listed on Exhibit A on judicial estoppel grounds or, alternatively, to dismiss Plaintiffs' pre-bankruptcy claims for lack of standing.

Respectfully submitted,

_____
James Walker May
Arnold W. Umbach, III
T. Matthew Miller
Abdul K. Kallon
Ronald H. Kent
Attorneys for Family Dollar

**OF COUNSEL:**

BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
(205) 521-8000

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing on:

>Gregory O. Wiggins, Esq.
>Wiggins, Childs, Quinn & Pantazis, P.C.
>301 19th Street North
>Birmingham, Alabama 35203

by hand delivery, on this the 12th day of May, 2004.

_____
One of the Attorneys for Defendant

## Opt-In Bankruptcy Filings
### Janice Morgan, et al. vs. Family Dollar Stores
### ESTOPPEL AND STANDING

| NAME | Social Security Number | NOTICE DATE | DATE OF OPT-IN | DATE FILED BANKRUPTCY | DISTRICT AND CASE NUMBER | DATE BANKRUPTCY DISCHARGED | DATE BANKRUPTCY CASE CLOSED |
|---|---|---|---|---|---|---|---|
| Angela Faye Alexander | 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 | 7/24/2002 | 8/7/2002 | 7/30/2003 | No. District of MS (Aberdeen) 03-14818-DWH-13 | n/a | Case Dismissed on 01/27/2004 / still open |
| Ramone Allende | 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 | 12/1/2002 | 2/21/2003 | 7/16/2002 | Ea. District of WI (Milwaukee) 02-29130-JES-13 | n/a | 3/19/2003 - Dismissed 7/1/2003 - Closed |
|  |  |  |  | 4/2/2003 | 03-24767-SVK-7 | 7/17/2003 | 7/17/2003 |
| Joe L. Arrellin | 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 | 12/1/2002 | 12/16/2002 | 10/28/2003 | District of NM 03-18278-JSS-7 | 2/9/2004 | 2/20/2004 |
| Julie Blakeney | 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 | 12/1/2002 | 1/2/2003 | 8/6/2003 | W. District of NC (Charlotte) 03-32881-GRH-13 | Pending | Pending |
| Katherine B. Bracey | 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 | 12/1/2002 | 2/21/2003 | 11/26/2001 | Md. District of NC (Durham) 01-83504 JBW-13 | Pending | Pending |
| Fleta M. Casey | 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 | 12/1/2002 | 12/16/2002 | 1/9/2002 Converted on 12/11/02 | We. District of KY (Louisville) 02-30197 DTS-7 | 3/18/2003 | 5/22/2003 |
|  |  |  |  | 5/16/2003 | 03-33310 DTS-13 | n/a | Dismissed - 01/16/2004 / Closed 03/10/2004 |
|  |  |  |  | 1/23/2004 | 04-30432 THF-13 | n/a | Dismissed - 03/23/2004 / Closed 04/22/04 |
|  |  |  |  | 4/2/2004 | 04-32028 THF-13 | Pending | Pending |
| Stanley P. Gondzar | 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 | 12/1/2002 | 12/11/2002 | 8/20/2003 | District Of MD (Baltimore) 03-80986 ESD-7 | 12/8/2003 | 12/23/2003 |
| Nancy J. Guerrero | 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 | 12/1/2002 | 12/6/2002 | 12/1/2003 | So. District of TX (Brownsville) 01-24288 RSS-13 | n/a | 8/7/2003 - Dismissed |
| Cora L. Harris | 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 | 7/24/2002 | 10/8/2002 | 11/1/2000 | So. District of AL (Mobile) 00-14463 WSS-13 | n/a | 7/9/2003 - Dismissed |
|  |  |  |  | 5/29/2003 | 03-13080 MAM-13 | Pending | Pending |
| Clifton Jackson | 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 | 12/1/2002 | 1/6/2003 | 8/13/2003 | We. District of TN (Memphis) 03-33856 DSK-7 | 11/19/2003 | 12/7/2003 |
| Nancy B. Lemus | 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 | 12/1/2002 | 1/31/2003 | 10/15/2002 | District of RI (Providence) 02-13848 ANV-7 | 1/9/2003 | 1/22/2003 |
| Francis P. Maiurano | 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 | 7/24/2002 | 10/7/2002 | 10/15/2002 | No. District of NY (Utica) 02-66184 SDG-7 | 2/25/2003 | 3/28/2003 |
| Yolanda McKenzie | 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 | 7/24/2002 | 7/29/2002 | 10/15/2002 | No. District of AL 02-43624-JGS-13 | Pending | Pending |
| Willie T. Newberne | 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 | 12/1/2002 | 12/13/2002 | 9/23/2002 | District of CT (Hartford) 02-22770 RLK-13 | n/a | 1/29/2003 - Dismissed / 2/12/2003 Closed |
| Jeanece T. Odom | 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 | 7/24/2002 | 7/29/2002 | 11/25/2003 | Md. District of AL 03-12721-DHW-7 | 3/12/2004 | 3/15/2004 |

## Opt-In Bankruptcy Filings
### Janice Morgan, et al. vs. Family Dollar Stores
### ESTOPPEL AND STANDING

| NAME | Social Security Number | NOTICE DATE | DATE OF OPT-IN | DATE FILED BANKRUPTCY | DISTRICT AND CASE NUMBER | DATE BANKRUPTCY DISCHARGED | DATE BANKRUPTCY CASE CLOSED |
|---|---|---|---|---|---|---|---|
| Jeffrey D. Ralph | 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 | 12/1/2002 | 2/25/2003 | 1/13/2003 | We. District of NY (Buffalo) 03-10203 MJK-13 | Pending | Pending |
| Zenaida Velazquez | 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 | 12/1/2002 | 12/9/02 or 12/13/02 | 9/23/2002 | District of CT (Hartford) 02-22770 RLK-13 | n/a | 1/29/2003 - Dismissed / 2/12/2003 Closed |
| Terry Vest | 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 | 12/1/2002 | 12/12/2002 | 9/27/2001 | No. District of OH (Youngstown) 01-44074 WTB-13 | Pending | Pending |
| Pamela E. Walker | 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 | 7/24/2002 | 9/11/2002 | 1/10/2002 | Md. District of AL (Montgomery) 02-30085 DHW-13 | Pending | Pending |
| Gloria Wilson | 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 | 7/24/2002 | 7/31/2002 | 9/20/2000 | No. District of AL 02-07425-TDM-7 | 2/5/2003 | 2/5/2003 |