# IN THE UNITED DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **JANICE MORGAN, BARBARA RICHARDSON, CORA CANNON,** on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| vs. | ) **CIVIL ACTION NUMBER:**<br>) **CV-01-C-0303-W**<br>) |
| **FAMILY DOLLAR STORES, INC.,** | )<br>) |
| **Defendants.** | ) |

### DESIGNATION OF REPRESENTATIVE WITNESSES

The witnesses on the attached list cover a wide variety of stores, districts, regions and divisions of the defendant's operations, including large, medium and small stores; rural stores and urban stores; stores with relatively large staffs, medium staffs and small staffs; stores in high risk, medium risk and low risk areas; stores that have inventory shrinkage problems ("Target 5" stores) and those that don't; stores with large, medium and small sales volumes; stores with large, medium and small square footage; and stores from a broad geographic cross-section of the United States in which defendant operates. The testimony has shown, and is expected to show again at trial, that all such Store Managers spend the vast majority of their time on non-managerial functions that constitute their "primary duty" for purposes of the executive exemption standard at issue in this

case. The Court has already found from the evidence that:

> Most of the named and opt-in Plaintiffs spend only a small fraction of their time performing managerial duties. They spend the vast majority of their time on essentially non-managerial duties such as unloading trucks, stocking shelves, working as cashiers, and performing janitorial duties. * * * The relative time the Plaintiffs spend in performing non-managerial duties does not significantly differ from store to store, district to district, or region to region. Likewise, the relative importance of the non-managerial duties over the limited number of managerial duties for which the named and opt-in Plaintiffs were responsible, did not vary significantly according to store, region, or district.

*Memorandum Opinion* at 4-5 (Doc. no. 367).

The witnesses on the attached list are representative because all Store Managers were classified by the defendant as executives exempt from payment at overtime rates of pay for reasons that did not vary by store, district, region, division or any other factor, including store size, location, sales volume, inventory, square footage or anything else. Each plaintiff contends that their primary duty as Store Managers was non-managerial because they spent more than 75% of their time unloading trucks, stocking merchandise, running cash registers, etc and did not otherwise have executive functions as their primary duty. The Pretrial Order states that plaintiffs are not required to list subgroups or their members "by their proper names." *See* Pretrial Order at ¶9(b) (Doc. no. 384); *see also* Order entered May 9, 2005 denying *Defendant's Motion To Amend/Correct Pretrial Order and Objections to Pretrial Order and Trial Plan* (doc. no. 386).

Respectfully submitted,

/s/Kevin W. Jent

_____

Robert L. Wiggins, Jr.
Robert F. Childs, Jr.
C. Michael Quinn
Gregory O. Wiggins

Herman N. Johnson, Jr.
Kevin W. Jent
Counsel for the Plaintiffs

OF COUNSEL:
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
205/314-0500

                  J. Allen Schreiber
                  P. Mark Petro

OF COUNSEL:
SCHREIBER & PETRO, P.C.
Attorneys at Law
Suite 250
2 Metroplex Drive
Birmingham, Alabama 35209

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2005, I e-mailed the foregoing to the following:

James Walker May
T. Matthew Miller
Arnold W. Umbach, III
Abdul K. Kallon
Ronald H. Kent
Joseph B. Mays
BRADLEY, ARANT, ROSE & WHITE, LLP
One Federal Place, 1819 5th Avenue North
Birmingham, Alabama 35203

J. Mark White
Attorney at Law
WHITE ARNOLD ANDREWS & DOWD, P.C.
Suite 600, 2025 Third Avenue North
Birmingham, Alabama 35203

/s/Kevin W. Jent

OF COUNSEL