FILED
2005 Jun-06 PM 12:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **JANICE MORGAN, BARBARA RICHARDSON, CORA CANNON,** on behalf of themselves and all others similarly situated, ) ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| vs. ) ) ) | **CIVIL ACTION NUMBER:** **CV-01-C-0303-W** |
| **FAMILY DOLLAR STORES, INC.,** ) ) ) | |
| **Defendants.** ) | |

## PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE
## DR. MARY BAKER AS A WITNESS AT TRIAL

The plaintiffs, through undersigned counsel, hereby submit this Motion In Limine to Exclude Dr. Mary Baker as a Witness at Trial. In support of this Motion, plaintiffs show as follows:

1.  In Family Dollar's Witness List, the defendant lists Mary Baker as a witness for trial. See Doc. 401 at 2. Dr. Mary Baker is a Labor Economist employed at Economic Research Services, Inc., in Tallahassee, Florida. Dr. Baker was not listed as a witness in the defendant's initial disclosures or amended initial disclosures pursuant to Rule 26(a), Federal Rules of Civil Procedure.

2.  The defendant did not designate Dr. Baker as an expert before June 23,

2003 - the date set in this Court's Scheduling Order for doing so. On February 25, 2004, the defendant filed a Motion for Leave to Permit Designation of Expert Due to the Court's Recent Rulings seeking to add experts, ostensibly Dr. Baker or other experts like her. After a hearing regarding this Motion where lengthy arguments were made by both parties, this Court denied the defendant's Motion (see Order dated April 22, 2004 (Doc. #215).

    3.    The Court's Pretrial Order explicitly precludes the parties from introducing any new experts for trial. See Doc. 384 at ¶ 9 ("The Parties have previously identified lists and names of all expert witnesses and exchanged expert reports.").

    4.    By listing Dr. Baker as a witness for trial, the defendant is flouting the Court's deadlines and Orders in this case. Dr. Baker's putative testimony will involve expert analysis and critique. The defendant is attempting to do nothing more than circumvent its failure to timely designate an expert in this case and this Court's previous ruling regarding this issue. Such actions on the part of the defendant are improper and should not be allowed. Moreover, such actions are extremely prejudicial to the plaintiffs who have not had the opportunity to conduct any discovery regarding the expert testimony of Dr. Baker.

    5.    If the defendant anticipates offering Dr. Baker to give "lay opinion," then

they err in this regard also. Dr. Baker's expertise and knowledge would not meet the requirements of Rule 701, Federal Rules of Evidence. Rule 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

As the Eleventh Circuit stated, section "c" of Rule 701 was added in 2000 "'to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing.'" Tampa Bay Shipbldg. & Repair Co. v. Cedar Shipping Co., Ltd., 320 F.3d 1213, 1222 (11th Cir. 2003) (citing Fed. R. Evid. 701 adv. cmt. note).

      6.    The Advisory Committee Notes to Rule 701(c) elaborates upon this understanding:

> Under the amendment, a witness' testimony must be scrutinized under the rule regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. . . . *By channeling testimony that is actually expert testimony to Rule 702, the amendment also ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 . . . by simply calling an expert witness in the guise of a layperson.*
>
>                       ***
> The amendment makes clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge

> within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules.
>
> ***
>
> The amendment incorporates the distinctions set forth in <u>State v. Brown</u>, 836 S.W. 2d 530, 549 (1992), a case involving former Tennessee Rule of Evidence 701, a rule that precluded lay witness testimony based on "special knowledge." In <u>Brown</u>, the court declared that the distinction between lay and expert witness testimony is that lay testimony "results from a process of reasoning familiar in everyday life," while expert testimony "results from a process of reasoning which can be mastered only by specialists in the field."

Fed. R. Evid. 701 advisory committee's note (2000) (emphasis added).

      7.      As the Advisory Committee explains, the type of opinions and inferences allowable under Rule 701 do not involve specialized knowledge:

> The amendment is not intended to affect the "prototypical example[s] of the type of evidence contemplated by the adoption of Rule 701 relat[ing] to the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or darkness, sound, size, weight, distance, and an endless number of items that cannot be described factually in words apart from inferences." <u>Asplundh Mfg. Div. v. Benton Harbor Eng'g</u>, 57 F.3d 1190, 1196 (3d Cir. 1995).

R. 701 adv. cmt. note (2000). "'Other examples of this type of quintessential Rule 701 testimony include identification of a individual, the speed of a vehicle, the mental state or responsibility of another, whether another was healthy, [and] the value of one's property.'" <u>U.S. Aviation Underwriters, Inc. v. Yellow Freight Syst., Inc.</u>, 296 F. Supp. 2d 1322, 1332 n. 10 (S.D. Ala. 2003) (quoting <u>Asplundh</u>, 57 F.3d at 1198)

4

(alteration in original).

8.　As depicted, Dr. Baker's putative testimony as a Labor Economist will not satisfy the Rule 701(c) standard.  Nor will it be the type of lay opinion evidence permissible at trial.  Dr. Baker's expertise is scientific, technical, and specialized, and therefore she should not be permitted to testify at trial because she was not timely designated by the defendant.

WHEREFORE, PREMISES CONSIDERED, plaintiffs respectfully request the Court to grant their Motion In Limine to Exclude Dr. Mary Baker as a Witness at Trial.

Respectfully submitted,

*/s/ Herman N. Johnson, Jr.*
Robert L. Wiggins, Jr.
Robert F. Childs, Jr.
C. Michael Quinn
Gregory O. Wiggins
Herman N. Johnson, Jr.
Kevin W. Jent
Counsel for the Plaintiffs

OF COUNSEL:
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203

205/314-0500

                                                            J. Allen Schreiber
                                                            P. Mark Petro

OF COUNSEL:
SCHREIBER & PETRO, P.C.
Attorneys at Law
Suite 250
2 Metroplex Drive
Birmingham, Alabama 35209

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 6, 2005, I served the forgoing via CM/ECF to the following:

James Walker May
T. Matthew Miller
Arnold W. Umbach, III
Abdul K. Kallon
Ronald H. Kent
Joseph B. Mays
BRADLEY, ARANT, ROSE & WHITE, LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama 35203

J. Mark White
WHITE ARNOLD ANDREWS & DOWD, P.C.
Suite 600, 2025 Third Avenue North
Birmingham, Alabama 35203

            */s/ Herman N. Johnson, Jr.*
            OF COUNSEL