FILED

2005 Jun-10  AM 11:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **JANICE MORGAN, BARBARA** | ) | |
| **RICHARDSON, on behalf of** | ) | |
| **themselves and all others similarly** | ) | **CIVIL ACTION NO.:** |
| **situated,** | ) | **CV-01-0303** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FAMILY DOLLAR STORES,** | ) | |
| **INC.,** | ) | |
| | ) | |

### MOTION IN LIMINE PRECLUDING TESTIMONY
### REGARDING ANY POSSIBLE INFERENCE TO BE
### MADE FROM THE NUMBER OF MANAGERS WHO
### ARE NOT PLAINTIFFS IN THE INSTANT CASE

**COME NOW** the named plaintiffs on behalf of themselves and others

similarly situated in the above-styled case, pursuant to Rules 401, 402, 403 of the

Federal Rules of Evidence and moves this Court to exclude from the trial of this

case all evidence, questioning, argument, documents or testimony pertaining to

any inference that could possibly be made from the number of store managers of

the defendant who are not opt-in plaintiffs.  As grounds for this motion, the

plaintiffs state the following:

**A.  Store Managers who did not Opt-In to the Present Case.**

Plaintiffs anticipate that the defendant may seek to introduce into evidence

or argue that the number of the defendant's store managers who are not opt-in

plaintiffs in the instant case leads to an inference that the plaintiffs' claims are

without merit or to some other inference regarding the plaintiffs' claims.  Such

testimony has no relevance to plaintiffs' claims for overtime compensation under

the Fair Labor Standards Act ("FLSA).  *See*, 29 U.S.C. § 216(b).

Under the FLSA, an action can be brought by "'one or more employees for

and in behalf of himself or themselves and other employees similarly situated.'"

*Prickett v. Dekalb County*, 349 F.3d 1294, 1296 (11th Cir. 2003)(citation

omitted.).  Prospective plaintiffs must expressly consent to join a collective action

under 29 U.S.C. § 216(b). *Id.*  "Congress' purpose in authorizing § 216(b) class

actions was to avoid multiple lawsuits where numerous employees have allegedly

been harmed by a claimed violation or violations of the FLSA by a particular

employer. *Prickett*, 349 F.3d at 1297.

The trial of this matter involves the determination of whether the plaintiffs

were entitled to overtime for hours worked in excess of forty hours per week

pursuant to the FLSA.  The fact that the defendant has store managers who are

not opt-in plaintiffs does not raise an inference that the plaintiffs in the instant case

were not entitled to overtime compensation.  Further, allowing the defendant to

argue that such an inference is permitted would thwart Congress' purpose for authorizing collective actions in FLSA cases.

There are innumerable possible reasons that many of the defendant's store managers did not opt-in to the instant case. For example, certain store managers may not have received notice. Other store managers may not have opted in because they feared retaliation. In fact, several hundred store managers were dismissed by the Court because of their failure to answer interrogatories. This Court could easily have a year-long trial involving hundreds of mini-trials to determine the reasons that certain store managers did not opt-in. Such an exercise would be meaningless, of course, because whether or not an individual store manager opted into the case would clearly not be relevant to whether the plaintiffs who did opt-in are entitled to overtime compensation under the FLSA.

Further, even if the Court determines that there is minimal relevance to the number of the defendant's store managers who did not opt in to the instant case, the overall statistic would be meaningless without an individualized determination of the reason(s) that each store manager did not opt in. Certainly, the defendant in a Title VII case would argue that the overall number of persons in a protected category holding a particular position would not be relevant to whether a person

within the protected category was discriminatorily denied a position without

specific information regarding the qualifications of the persons who applied for

the position and the qualifications of the persons who were awarded the positions.

The same reasoning applies in the instant case.  Since the defendant will not be

able to present testimony regarding the reasons that each store manager did not

opt in, it should not be able to argue that an inference can be made that these store

managers did not believe the plaintiffs' claims were meritorious or to make any

other inference regarding their claims.

Moreover, even if such evidence could possibly be considered relevant, it is

clearly more prejudicial than probative, and any probative value which it may have

is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, misleading the jury, or by considerations of undue delay and waste of time

as prohibited under Fed.R.Evid. 403.  Allowing the defendant to present testimony

or argue that a negative inference can be made  from the number of store

managers who did not opt into the instant case would serve only to confuse and

mislead the jurors.  The introduction of such evidence or argument would result in

the misdirection of the jurors' focus on the reasons that absent store managers did

not opt in, thus drawing their attention away from the acts and policies of the

4

defendant which are at the heart of this litigation.  Moreover, as such evidence has little, if any, probative value, the admission of such evidence would substantially prejudice the plaintiff.  Such evidence would serve only to confuse and mislead the jury, and would be a burden to this Court during the trial, as it would result solely in undue delay and waste of time.  Even if such evidence could possibly be considered relevant, Fed. R. Evid. 403 provides that a court, in its discretion, may exclude relevant and material evidence if it is too remote from the issues at trial. Thigpen v. Thigpen, 926 F.3d 1003, 1013-14 (11th Cir. 1991)(citing Ex Parte Cofer, 440 So.2d 1121, 1124 (Ala. 1983)(other citations omitted).

**B.  Opt-In Plaintiffs who have been dismissed from this case.**

The plaintiffs also believe that the defendant may attempt to reference the fact that a number of opt-in plaintiffs have been dismissed from this case by the court.  Any mention of this fact is not relevant and should be excluded by the court pursuant to Rules 401and 402 of the Federal Rules of Evidence.  In addition, this evidence should be excluded pursuant to Rule 403 of the Federal Rules of Evidence in that the evidence is clearly more prejudicial than probative of any material issue in the case.  Also, any mention of this evidence would only serve to confuse and mislead the jury.

Virtually everyone of the opt-in plaintiffs who are no longer parties to this action were dismissed for either (1) failing to comply with the court's discovery orders, or (2) because their claims fell outside of the 3 year statute of limitation period. These dismissals had nothing to do with the merits of this case and should not be mentioned in at this trial. Furthermore, even if the Court determines that there is minimal relevance to the number of the defendant's store managers who have been dismissed from the instant case, the overall statistic would be meaningless without an individualized determination of the reason(s) that each store manager was dismissed.[1]

**THEREFORE, PREMISES CONSIDERED,** pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, the plaintiffs respectfully request this Honorable Court to enter an Order excluding from the trial of this case all evidence and questioning relating to any inference that could be made from the number of the defendant's current and former store managers who did not opt in to the instant case. Furthermore, the plaintiffs respectfully request that the Court

---

[1]For example, this determination would include inquiry into the reasons why the opt-in failed to comply with a certain order, i.e., did the move and not receive notice of the requirement, did they have health problems which prevented compliance, etc.. These determinations would mean that most of the time allotted for trial of the merits would be spent on these issues irrelevant to the merits.

enter an Order excluding any and all evidence and questioning relating to the fact

that a number of the opt-in plaintiffs have been dismissed from the action.


                        Respectfully submitted,

                        /s/ Kevin W. Jent
                        Robert L. Wiggins, Jr.
                        Robert F. Childs, Jr.
                        C. Michael Quinn
                        Gregory O. Wiggins
                        Herman N. Johnson, Jr.
                        Kevin W. Jent
                        Counsel for the Plaintiffs

OF COUNSEL:

Wiggins, Childs, Quinn & Pantazis, LLC

The Kress Building

301 Nineteenth Street North

Birmingham, Alabama 35203

205/314-0500


                        J. Allen Schreiber

                        P. Mark Petro


OF COUNSEL:

SCHREIBER & PETRO, P.C.

Attorneys at Law

Suite 250

2 Metroplex Drive

Birmingham, Alabama 35209

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 10, 2005, I served the forgoing via CM/ECF to the following:

James Walker May
T. Matthew Miller
Arnold W. Umbach, III
Abdul K. Kallon
Ronald H. Kent
Joseph B. Mays
BRADLEY, ARANT, ROSE & WHITE, LLP
One Federal Place, 1819 5th Avenue North
Birmingham, Alabama 35203

J. Mark White
Attorney at Law
WHITE ARNOLD ANDREWS & DOWD, P.C.
Suite 600, 2025 Third Avenue North
Birmingham, Alabama 35203

<u>/s/ Kevin W. Jent</u>
OF COUNSEL