FILED

2005 Jun-10  PM 04:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| JANICE MORGAN, BARBARA | ) | |
| RICHARDSON, on behalf of | ) | |
| themselves and all others similarly | ) | **CIVIL ACTION NO.:** |
| situated, | ) | **CV-01-0303** |
| | ) | |
|       Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| FAMILY DOLLAR STORES, | ) | |
| INC., | ) | |
| | ) | |
|       Defendant. | ) | |

## PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EXHIBITS NOT PROPERLY AND TIMELY DISCLOSED BY THE DEFENDANT PURSUANT TO FED. R. CIV. P. 26 AND 36

**COME NOW,** the Plaintiffs in the above-styled case, pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure; applicable state and federal law; and this Court's Scheduling Order, and move to exclude from the trial of this case all evidence as fully set out below.  As grounds for this Motion, the Plaintiffs state the following:

1.    Pursuant to this Court's Uniform Scheduling Order, and subsequent amendments thereto, the parties were to have all discovery completed by April 12,

2004, with trial set to commence on June 13, 2005.

2.     On April 22, 2005 and May 26, 2005, well past the discovery deadline, the defendant produced numerous documents that were not previously disclosed. (Exhibits 1 and 2).  Finally, on June 6, 2005, less than a week before trial, defendants produced another group of documents not previously disclosed.  (Exhibit 3).  These supplemental documents consist *inter alia*, of the opt-in plaintiffs' prior employment applications with third parties, supplements to their Family Dollar personnel files and other documents related to their employment with Family Dollar, as well as bankruptcy petitions.   At no time prior to the dates that these documents were produced had the defendant otherwise disclosed these documents despite the parties' prior involvement in extensive discovery.   Nor had the defendants produced these documents in response to plaintiff's written discovery requests, nor were they otherwise produced as supplements during the course of discovery in this matter. The defendant has not offered any reason why these documents could not have been disclosed during the discovery period.

3.     On June 6, 2005, defendant filed an Amended Exhibit List listing the aforementioned documents as exhibits it intends to use at trial.

4.     Federal Rule of Civil Procedure 26(a) and (e) places an affirmative and

ongoing duty on the parties to provide to the adverse party a "copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses."   Further, Local Rule 26.1 requires that these disclosures are subject to a duty of supplementation, as provided under Fed. R. Civ. P. 26(e)(1) **at least thirty days before the end of discovery**.

5.      Further, Rule 37(c)(1) provides an "automatic sanction" if a party does not "disclose information required by Rule 26(a) or 26(e)(1), [so that a party]... shall not, unless such failure is harmless, be permitted to use as evidence at trial, at a hearing, or on a motion *any witness or information* not so disclosed."   Further, the party who fails to so disclose must present "substantial justification" for the lack of disclosure to avoid a sanction."

6.      The defendant's recently produced evidence should be excluded pursuant to Rule 26 of the Federal Rules of Civil Procedure.   Courts have held that "[t]he federal discovery rules place an affirmative duty upon a party and its counsel to produce not only responsive materials of which they are aware, but also which they reasonably ought to have been aware."   *Stallworth v. E-Z Serve Convenience*

*Stores*, 199 F.R.D. 366, 369 (M.D. Ala. 2001).  Courts have further held that a party cannot wait until the eve of trial to supplement discovery responses nor is Rule 26(e) to be used to delay disclosures until 30 days before trial by calling them supplements. *United States v. Boyce*, 148 F.Supp.2d 1069 (S.D. Cal. 2001); *Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 662 (N.D. Ga. 2001).  As a sanction, the rules provide that "if a party fails to disclose certain information or witnesses in the party's disclosures under Rule 26(a), the party will not be permitted to offer evidence related to the undisclosed information or call the undisclosed witnesses at trial, unless the failure was substantially justified or harmless."  Baicker-McKee, Janssen, and Corr, *Federal Civil Rules Handbook*, pg. 684 (2003)(*citing* in part *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1101(9th Cir. 2001).

7.    In *Burney v. Rheem Mfg. Co., Inc.*, 196 F.R.D. 659 (M.D.Ala. 2000), the District Court held that Federal Rule of Civil Procedure 37(c) is applicable to a party's failure to comply with an initial disclosure requirement.  196 F.R.D. at 690-691, *citing Snow v. Bellamy Mfg. & Repair*, 1995 WL 902210, *4 (N.D.Ga.1995)("[T]he Local [Rule] requirement that certain disclosures should be automatic is analogous to that of Federal Rule 26. The Court finds that Rule 37(c) sanctions would provide an appropriate remedy for violations of required disclosure

under Local Rules. Thus, the Court will apply Rule 37(c) sanctions by analogy for violations of Local Rules."). This was again recognized and applied by the District Court in *Stallworth v. E-Z Serve Convenience Stores*, 199 F.R.D. 366, 368 (M.D.Ala. 2001):

> The rule [Fed.R.Civ. P. 37(c)(1)] provides, in pertinent part, that "a party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) **shall not**, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed.R.Civ.P. 37(c)(1). **The burden rests upon the non-producing party** to show that its actions were substantially justified or harmless.

*citing Burney*, 196 F.R.D. at 691. (emphasis added).

8. In *Stallworth*, the Court stated the appropriate analysis for whether a non-disclosing party has substantial justification for its actions as follows: could reasonable people "differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there exists a genuine dispute concerning compliance." *Id.* (*quoting Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D.Kan.1995)). Much as in *Stallworth*, there is no genuine dispute in the present action. The defendant never timely filed a request to continue the discovery deadline for the purpose of

5

supplementing its discovery, the defendant submitted its dispositive motions absent this request, and there has been no claim by the defendant that it was confused by or did not understand the Court's Orders and the deadlines as set forth therein. No reasonable basis in either fact or law has been provided by the defendant as its failure to timely and properly produce these documents pursuant to the express terms of Rule 26(a) and (e).

9.     Further, the defendant's failure to disclose these documents until the eve of trial, in violation of Rule 26, is not harmless. In *Snow v. Bellamy Mfg. & Repair*, 1995 WL 902210, at 4 (N.D.Ga.1995) the court specifically held that "defendant's long delay and apparent evasiveness (of physical evidence) warrants application of sanctions under Rule 37." Therefore, the physical evidence was precluded from being introduced at trial. *Id.* at *5. Similarly, in the case at bar plaintiffs are prejudiced by the defendant's long delay in producing these documents and the defendant should be precluded from using this evidence at trial.

10.     In the instant case, not only were these documents produced after the discovery deadline, but these documents were listed as exhibits after this Court's deadline to file exhibit lists. Defendant's attempt to conduct further discovery unduly prejudices the plaintiffs and thwart the purposes of discovery. The defendant has

6

created a trial by ambush by listing these voluminous documents at the eleventh hour and increased the costs of litigation as plaintiffs have had to spend valuable time and resources to review these documents.

11.    Accordingly, pursuant to the express language of Federal Rules of Civil Procedure 26 and 37, as well as the holdings of this Circuit, the production of these trial exhibits, not properly and timely disclosed by the defendant, is due to be excluded from use by the defendant at trial due to the defendant's violation of Rule 26(a) and (e).

WHEREFORE, PREMISES CONSIDERED,  pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure, applicable state and federal law,  and this Court's Scheduling Order, the plaintiffs respectfully request this Honorable Court to enter an Order excluding from the trial of this case all documents   as addressed above.

Respectfully submitted,

/s/   Kevin W. Jent
Robert L. Wiggins, Jr.
Robert F. Childs, Jr.
C. Michael Quinn
Gregory O. Wiggins
Herman N. Johnson, Jr.
Kevin W. Jent
Counsel for the Plaintiffs

7

**OF COUNSEL**
Wiggins, Childs, Quinn & Pantazis, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
205/314-0500

                                        J. Allen Schreiber
                                        P. Mark Petro

OF COUNSEL:
SCHREIBER & PETRO, P.C.
Attorneys at Law
Suite 250
2 Metroplex Drive
Birmingham, Alabama 35209


## CERTIFICATE OF SERVICE

I hereby certify that  on June 10, 2005, I served the forgoing via CM/ECF to the following:

James Walker May
T. Matthew Miller
Arnold W. Umbach, III
Abdul K. Kallon
Ronald H. Kent
Joseph B. Mays
BRADLEY, ARANT, ROSE & WHITE, LLP
One Federal Place, 1819 5th Avenue North
Birmingham, Alabama 35203

J. Mark White
Attorney at Law
WHITE ARNOLD ANDREWS & DOWD, P.C.
Suite 600, 2025 Third Avenue North
Birmingham, Alabama 35203


/s/    Kevin  W.  Jent
OF COUNSEL