FILED

2007 Apr-27  PM 02:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| JANICE MORGAN, BARBARA RICHARDSON, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | **CIVIL ACTION NO. 7:01-cv-0303-UWC** |
| **v.** | ) ) | **OPPOSED** |
| FAMILY DOLLAR STORES, INC., | ) ) ) | |
| **Defendant.** | ) | |

## FAMILY DOLLAR'S
## MOTION TO ALTER OR AMEND THE AMENDED FINAL JUDGMENT

The Amended Final Judgment entered April 16, 2007, (Doc. 708) denies Defendant Family Dollar Stores, Inc.'s ("Family Dollar") Renewed Motion For Judgment as a Matter of Law, Motion for a New Trial, and Motion to Alter or Amend the Judgment (Doc. 654).  But it grants, in part, Plaintiffs' Motion to Reinstate Damages (Doc. 657) and the separate motions of some of the Bankruptcy Trustees.  The Amended Final Judgment "supplements" the Final Judgment by adding $1,164,040.42 in overtime back pay and $1,164,040.42 in liquidated damages.  Contrary to this Court's prior ruling (Doc. 671), the supplemental amounts for certain of the Bankruptcy Trustees exceed the amounts at issue in the

bankruptcy estates.  For this reason, and for other good reasons set forth below, Family Dollar moves under Rule 59(e) to alter or amend the new judgment. [1]

## 1.  A Rule 59(e) motion to alter or amend is the proper way to correct the Court's new judgment.

It is well established that when a court alters or amends a judgment based upon a timely Rule 59(e) motion to alter or amend, the party aggrieved by the new, amended judgment may file an additional Rule 59(e) motion to correct the judgment. *Wright v. Preferred Research, Inc.*, 891 F.2d 886, 889 (11th Cir. 1990). *Accord Harrell v. Dixon Bay Transp. Co.*, 718 F.2d 123, 128–29 (5th Cir. 1983); *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986). As explained in MOORE'S,

> When the trial court grants a motion to alter or amend a judgment, and there is a substantive change, a new judgment replaces the previous judgment. The parties have 10 days from the entry of the new judgment in which to file a motion to reconsider the amended judgment. When a court alters a judgment, a party aggrieved by the alteration may ask for correction.

12 MOORE'S FEDERAL PRACTICE 3D § 59.37 (2006).

The Court entered its new, amended judgment on April 16, 2007. Family Dollar's instant motion was filed within 10 days of the new judgment. *See* FED. R. CIV. P. 6(a). This motion therefore tolls the time for filing a notice of appeal from

---

[1]Family Dollar reasserts herein each of its grounds challenging the judgment against it.  See Doc. ## 654, 655, 664, 670, 673, 679, 680, 687, 691, 694, 698, and 702.

the Court's judgment. *See* FED. R. APP. P. 4(a)(4)(A)(iv); *Wright*, 891 F.2d at 889 ("However, if the disposition of the first motion results in a judgment which is substantially altered, a subsequent timely motion will again postpone the appeal period.") (internal quotations and citation omitted); *Charles*, 799 F.2d at 348 (same).

Out of an abundance of caution, however, Family Dollar intends to file a notice of appeal within 30 days of the Court's new judgment (by May 16, 2007). The notice will be lodged with the Court as a premature notice of appeal that will take effect upon the Court's ruling on the instant motion pursuant to Federal Rule of Appellate Procedure 4(a)(2). To finalize the judgment and effectuate the appellate proceedings, Family Dollar respectfully requests that the Court rule on the instant motion in a timely fashion.

## 2. **The supplemental amounts in the new judgment exceed those allowed by the Court's April 26, 2006, order.**

The Court's April 26, 2006, Order (Doc. 671), allowed certain Bankruptcy Trustees to substitute, provided, however, that "to the extent that the damage award for these opt-in plaintiffs listed in this paragraph exceeds the total liabilities reflected on their bankruptcy awards, such plaintiffs are judicially estopped from recovery of the excess amounts." According to the Amended Final Judgment at

note 2, the supplemental damage amounts are based on Ex. A to Plaintiff's Motion to Reinstate (Doc. 673).  Doc. 708 n.2.   The supplemental amounts exceed the bankruptcy liabilities for certain of the Plaintiffs and the Amended Judgment should therefore be reduced.

As shown in Exhibit 1, attached hereto, the supplemental damages for the Plaintiffs at issue exceed the total bankruptcy liabilities for the Plaintiffs at issue by $636,507.76 ($230,095.83 in back pay and $406,411.93 in liquidated damages). For example, as shown in Exhibit 1 hereto, Josue Carrera's supplemental back pay award was $133,006.86 and his supplemental liquidated damage award was an additional $133,006.86 for a total of $266,013.72 in supplemental damages. However, Carrerra's supplemental damages should not exceed his bankruptcy liabilities of $48,092.00.   Thus Carrerra's supplemental damages should be reduced by $217,921.72 ($266,013.72 in supplemental damages awarded minus $48,092.00 in bankruptcy liabilities).

Additionally, three of the Plaintiffs' damage awards exceed their bankruptcy liabilities when liquidated.  As such, either the damage awards for JoAnn Ramos, Ansel Shrader and Harry Soblotney should not be liquidated or their respective liquidated amounts should be reduced so as not to exceed their respective

bankruptcy liabilities.   For example, JoAnn Ramos's supplemental award is $28,422.64 ($14,211.32 in back pay and the same amount in liquidated damages); however, her bankruptcy liabilities are only $25,951.96.  Her supplemental damage award should thus be reduced by $2,470.68.  As shown in Exhibit 2, reducing the liquidated damages for these Plaintiffs so as not to exceed their bankruptcy liabilities results in a total additional reduction of $24,142.16 in liquidated damages.

Therefore, according to this Court's prior Order, the supplemental back wages in the Amended Final Judgment should be reduced by $230,095.83 and the supplemental liquidated damages should be reduced by $430,554.09, for a total reduction of $660,649.92.

**3.  <u>The Court erred in allowing any Bankruptcy Trustee to petition for substitution and in not dismissing all claims of every Plaintiff listed on Family Dollar's supplemental bankruptcy chart</u>.**

As additional grounds, Family Dollar asserts that the Court erred in allowing any Bankruptcy Trustee to petition for substitution in place of any Plaintiff whose claims have been dismissed on grounds of judicial estoppel or for lack of standing and by not dismissing all claims of every Plaintiff listed on Family Dollar's supplemental bankruptcy chart (Doc. 588, Ex. A).  For the numerous reasons set

forth below, the non-party Bankruptcy Trustees should not be allowed to substitute and the Final Judgment should not be altered or amended to reinstate or "supplement" damages.

      A.     <u>Those Bankruptcy Trustees who failed to file a motion to alter or amend are barred from recovering any damages</u>.

The original judgment stated that "[w]ithin ten days, any Bankruptcy Trustee may petition the court by a motion to alter or amend the judgment to be substituted in the place of a plaintiff who has been dismissed on grounds of judicial estoppel or for want of standing."  Doc. 592 at 1 n.1.  Only Bankruptcy Trustees Kartchner (opt in Carrera), Reding (opt ins Miller, Nason and Parker), McAleer (opt ins Rogers and Steen),[2] Shepard (opt in Shrader), and DePaola (opt in Stewart) timely filed motions to alter or amend the judgment.  The non-party Bankruptcy Trustees who failed to file timely motions to alter or amend the judgment are time barred from moving to alter or amend and thus can recover no damages.  *See* FED. R. CIV. P 6(b) (The Court "may not extend the time for taking any action" under Rule 59 including a motion to alter or amend the judgment under Rule 59(e)).  *See e.g., Ransom v. Brennan*, 437 F.2d 513, 516 (5th Cir. 1971) ("A substituted party steps into the same position of the original party."); s*ee also Barger v. City of*

---

[2] Opt-in Laura Yvonne Steen was not awarded any damages in this case (see Defendant's Trial Exhibit 1959A).

*Cartersville, Georgia,* 348 F.3d 1289, 1295 (11th Cir. 2003) (affirming dismissal of damage claims on grounds of judicial estoppel even after bankruptcy trustee was substituted for plaintiff-debtor on appeal).   The Bankruptcy Trustees who filed only a motion to substitute stand in the same shoes as the Plaintiffs for whom they have substituted, *i.e.,* they are dismissed from this action.

 

      B. <u>Plaintiffs lack standing to seek relief on behalf of the Bankruptcy Trustees</u>.

      The Chapter 7 Plaintiffs who lacked standing to pursue this case also lacked standing to seek substitution by the non-party Bankruptcy Trustees.   "Where a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs, a new class, and a new cause of action." *Wright v. Dougherty County, Ga.,* 358 F.3d 1352 (11th Cir. 2004).   As such, Plaintiffs lacked standing to move for a reinstatement of damages on behalf of the non-party Bankruptcy Trustees and, therefore, their motion should have been stricken or otherwise denied.   By requesting substitution, Plaintiffs' counsel took inherently contradictory positions; on the one hand, arguing that the bankruptcy Plaintiffs should not be dismissed while on the other hand arguing that the Bankruptcy Trustees should substitute for and should displace the bankruptcy Plaintiffs in this litigation.   *See*, *e.g*., Doc. 650.

Plaintiffs' lack of standing to file motions on behalf of the non-party Bankruptcy Trustees should result in their motion to reinstate damages being stricken or denied.

 

C. <u>The non-party Trustees are barred by estoppel because Parker v. Wendy's does not allow Trustees to avoid estoppel after it has been granted and before the Trustee has moved to substitute</u>.

The bankruptcy Plaintiffs and the non-party Bankruptcy Trustees both argued that *Parker v. Wendy's*, 365 F.3d 1268, 1270 (11th Cir. 2004), stands for the proposition that the non-party Bankruptcy Trustees are not barred by the judgment judicially estopping certain of the bankruptcy Plaintiffs. Based on its supplementation of damages, the Court apparently agreed, at least as to some of the Bankruptcy Trustees. However, *Parker v. Wendy's* does not apply to this case because the Plaintiffs were dismissed on grounds of judicial estoppel <u>prior</u> to the Trustees moving to substitute. In *Parker*, the Eleventh Circuit addressed a case wherein a bankruptcy trustee reopened the plaintiff's bankruptcy estate and moved to <u>intervene</u> in a pending lawsuit brought by the plaintiff in district court. <u>After</u> the district court granted the trustee's motion to intervene, and prior to trial, the defendant then filed a motion to dismiss on grounds of judicial estoppel. *Id.* at 1270. The Eleventh Circuit found that the trustee, who was then a <u>party</u> to the district court litigation, had not made inconsistent statements and thus was not

barred by judicial estoppel.   In this case, the Bankruptcy Trustees moved to substitute after the case has been tried and after the Plaintiffs' claims were dismissed and judgment entered.   Therefore, reliance on *Parker v. Wendy's* is misplaced.

Reliance on other binding Eleventh Circuit decisions is more appropriate.  In *Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1286 (11th Cir. 2002), the plaintiff sought to reopen his bankruptcy case to amend and disclose his employment lawsuit after the defendant moved for dismissal.   The Eleventh Circuit expressly rejected this approach, holding that after a defendant moves for dismissal, a plaintiff cannot re-open his bankruptcy case: "Allowing Billups to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing potential assets only if he is caught concealing them." *Burnes,* 291 F.3d at 1288.  The Eleventh Circuit rejected a similar attempt in *DeLeon v. Comcar Industries, Inc.,* 321 F.3d 1289, 1291-92 (11th Cir. 2003).  If the Plaintiff cannot reopen his bankruptcy case to amend his filings, thereby allowing the Trustee to control the litigation, then by the same token the Trustee cannot substitute and alter a judgment after the court has dismissed a Plaintiff on estoppel grounds.  In *Barger v. City of Cartersville, Georgia,* 348 F.3d 1289, 1295 (11th

Cir. 2003), the trustee moved to substitute on appeal in a case where the plaintiff had been dismissed under judicial estoppel by the district court. The Eleventh Circuit allowed the trustee to substitute and "take[] [plaintiff's] place from hereon" and then affirmed the dismissal of the damage claims on grounds of judicial estoppel. *Id.* at 1292-93, 1297. Therefore, the non-party Bankruptcy Trustees this Court has allowed to substitute are bound by the Court's prior dismissal order because it occurred before substitution. *See also Ransom v. Brennan*, 437 F.2d 513, 516 (5th Cir. 1971) ("A substituted party steps into the same position of the original party."), *cert. denied*, 403 U.S. 904 (1971).

D. <u>Allowing the Bankruptcy Trustees to substitute for the dismissed Plaintiffs and to alter the judgment to award damages for the Trustees violates Family Dollar's constitutional rights to due process and to trial by jury</u>.

Allowing new parties, the Bankruptcy Trustees, to enter the case and simultaneously awarding them back pay and liquidated damages against Family Dollar offends due process and denies Family Dollar the right to trial by jury provided by the Seventh Amendment. Family Dollar has not been given an opportunity to litigate against the non-party Bankruptcy Trustees. The United States Supreme Court has held that due process rights are offended where a party is added to a suit after an award and there is a denial of the opportunity to contest liability before a judgment is entered. *Nelson v. Adams USA, Inc.*, 529 U.S. 460,

120 S.Ct. 1579, 146 L.Ed.2d 530 (2000).  Allowing the Bankruptcy Trustees to recover for willful violations and liquidated damages further exacerbates the issue.

E. <u>The Chapter 13 Bankruptcy Trustees cannot substitute because the Chapter 13 Plaintiffs themselves had standing to pursue their claims in this case and have been judicially estopped</u>.

The Chapter 13 Debtors had standing to pursue their claims but have been determined by this Court to be judicially estopped from pursuing such claims.  As such, the Chapter 13 Bankruptcy Trustees are not necessary parties to the litigation and should not have been allowed to substitute.  *See, e.g., Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1209 n.2 (3rd Cir. 1991) ("Chapter 13 debtors are empowered to maintain suit even after a bankruptcy trustee has been appointed in their case…."); *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515 (2nd Cir. 1998) (concluding that a Chapter 13 debtor, unlike a Chapter 7 debtor, has standing to litigate causes of action in his or her own name); *Merchants & Farmer Bank v. Vail*, 1996 WL 819806, at *1 (N.D. Ala. 1996) (Clemon, J.) (affirming a bankruptcy court decision finding that Chapter 13 debtor was proper party to bring lawsuit); *In re Bowker*, 245 B.R. 192 (Bankr. D.N.J. 2000) (holding that Chapter 13 debtors have exclusive standing to pursue his or her causes of action).  As such, the Court should not have reinstated damages for the following Chapter 13 Plaintiffs: Casey ($25,944.88), Dzialo ($8,780.79), Kimsey

11

($12,840.10), Lueshen ($7,893.02), McKenzie ($10, 267.93), and Pedrazzo ($7,166.32).

F. <u>The Trustees of the Bankruptcy estates of those Plaintiffs who filed under Chapter 13 and subsequently converted their claims to Chapter 7 are estopped by the Debtors' failure to disclose this case in their Chapter 13 filings</u>.

The non-party Bankruptcy Trustees of the estates of those Plaintiffs who filed under Chapter 13 and had their claims subsequently converted to Chapter 7 are estopped by the Debtors' failure to disclose this case in their Chapter 13 filings. The Eleventh Circuit has recently held that the trustee of a Chapter 7 bankruptcy estate is subject to all pre-petition defenses that would apply to the debtor. *Official Committee of Unsecured Creditors of PSA, Inc., v. Edwards*, 437 F.3d 1145 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 45 (U.S. 2006). Those Plaintiffs who filed Chapter 13 bankruptcies and failed to disclose this case in their filings have been judicially estopped by this Court from proceeding. That defense existed prior to the commencement of their Chapter 7 cases and thus the Bankruptcy Trustees proceed, if at all, subject to the dismissal based on judicial estoppel. As such, the non-party Bankruptcy Trustees of the estates of Fleeta Casey ($25,924.88) and Harvey Lueshen ($7,398.02) are barred from proceeding in this case and should not have received supplemental damages.

G. <u>The Trustees cannot substitute for any Plaintiffs who filed for bankruptcy before opting into this case</u>.

Federal Rule of Civil Procedure 25 controls substitution of parties and allows for substitution only for (a) death of a party, (b) incompetence, (c) transfers of interest, and (d) public officers' death or separation from office.  Although not articulated, the non-party Bankruptcy Trustees were apparently substituted on grounds that the Plaintiffs' interests in the case were transferred to the bankruptcy estate when Plaintiffs filed for bankruptcy.  Substitutions based on transfers of interest are governed by Federal Rule of Civil Procedure 25(c); however, the Eleventh Circuit has held that Rule 25(c) allows for substitution <u>only</u> for transfers that occur during the pendency of litigation.  *Andrews v. Lakeshore Rehabilitation Hosp.,* 140 F.3d 1405, 1407 (11th Cir. 1998) ("Rule 25 (c) applies only to transfers of interest occurring during the pendency of litigation and not to those occurring before the litigation begins.").  Thus, the Bankruptcy Trustee of the estate of any Plaintiff whose bankruptcy petition was filed prior to his or her opt in date is barred from substituting.  Those Bankruptcy Trustees include: Bruce Lanser (opt in Allende) ($52,906.89), John Ring (opt in Amico) ($5,270.69), Kevin Huennekens (opt in Berrios) ($11,201.60), William Lawrence (opt in Casey) ($25,924.88), Janice Stanton (opt in Craddock) ($23,567.65), Richard Ramsay (opt in Detter) ($27,754.63), Walter Kelley (opt in Fletcher) ($29,381.90), Steven Neuner (opt in Fowlkes) ($35,685.99), Brad Patten (opt in Harrison) ($16,191.19), Randy Doub

(opt in Parsons) ($15,264.24), Clyde Hardesty (opt in Ross) ($9,302.40), Randall

Frank (opt in Sackman) ($28,439.89), Susan DePaola (opt in Stewart)

($14,053.08), and  Randolph Osherow (opt in Whitman-Taylor) ($25,070.41).


For these reasons, this Court should alter or amend the Amended Final

Judgment.

Respectfully submitted,

/s/ T. Matthew Miller

T. Matthew Miller
mmiller@bradleyarant.com

Attorney for Defendant
Family Dollar Stores, Inc.

OF COUNSEL:
BRADLEY ARANT ROSE & WHITE LLP
1819 Fifth Avenue North
Birmingham, Alabama 35203
(205) 521-8000
(205) 521-8800 Facsimile

OF COUNSEL:
J. Mark White
Augusta S. Dowd
WHITE ARNOLD ANDREWS & DOWD P.C.
2025 Third Avenue North, Suite 600
Birmingham, AL 35203
(205) 323-1888

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Gregory O. Wiggins, Esq.
Wiggins Childs Quinn & Pantazis P.C.
The Kress Building
301 – 19th Street North
Birmingham, Alabama 35203

J. Allen Schreiber, Esq.
Schreiber & Petro, P.C.
Two Metroplex Drive, Suite 250
Birmingham, Alabama 35209

Barry V. Frederick, Esq.
The Frederick Firm
5409 Trace Ridge Lane
Hoover, Alabama 35244

Daniel D. Sparks, Esq.
Christian & Small, LLP
1800 Financial Center
505 North 20th Street
Birmingham, AL  35203

W. Dennis Schilling, Esq.
P. O. Box 55147
Birmingham, AL 35255-5147

Stephen C. Olen, Esq.
Olen Nicholas & Copeland PC
PO Box 1826
Mobile, AL 36633

Kevin M. Morris, Esq.
Sparkman, Shepard & Morris, P.C.
PO Box 19045
Huntsville, AL 35804

Jeffery J. Hartley , Esq.
Helmsing Leach Herlong Mewman &
Rouse PC
PO Box 2767
Mobile, AL 36652

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Theresa M. Bender, Trustee
Post Office Box 14557
Tallahassee, FL 32317

Eric Elia Bononi, Trustee
20 North Pennsylvania Ave., Ste 201
Greensburg, PA 15601

Richard E. Boston, Trustee
27 North Eighth Street
Richmond, IN 47374

Krispen S. Carroll, Trustee
719 Griswold, Suite 1100
Detroit, MI 48226

Leslie A. Davis, Trustee
9990 Manchester, Suite 202E
St Louis, MO 63122

Randy D. Doub, Trustee
P O Drawer 8668
Greenville, NC 27835-8668

Douglas A. Dymarkowski, Trustee
Lydy & Moan, Ltd
4930 Holland-Sylvania Road
Sylvania, OH 43560

Lawrence G. Frank, Trustee
2023 N. Second Street
Harrisburg, PA 17102

Randall L. Frank, Trustee
310 Davidson Building
Bay City, MI 48708

Linda B. Gore, Trustee
PO Box 1338
Gadsden, AL 35902-1338

Elaine B. Greaves, Trustee
National City Bank Building
16 Wick Avenue #801
Youngstown, OH 44503

Clyde Hardesty, Trustee
P O Box 731
Newark, OH 45058-0731

James G. Henderson, Trustee
Pritchard McCall & Jones LLC
800 Financial Center
505 North 20th Street
Birmingham, AL  35203

Camille Hope, Trustee
Post Office Box 954
Macon, GA 31202

Kevin R. Huennekens, Trustee
Kutak Rock LLP
1111 East Main Street, Suite 800
Richmond, VA  23319-3500

Stanley J. Kartchner, Trustee
7090 N. Oracle Road # 178-204
Tucson, AZ 85704

Walter W. Kelley, Trustee
P O Box 70879
Albany, GA 31707

Kevin P. Kubie, Trustee
PO Box 8928
Pueblo, CO 81008-8928

Stephen L. Langeland, Trustee
350 East Michigan Ave., Suite 130
Kalamazoo, MI 49007

Bruice A. Lanser, Trustee
205 East Wisconsin Ave., Suite 140
Milwaukee, WI 53202

Dorraine A. Larison, Trustee
Gray, Plant, Mooty, Motty &
Bennett
1010 West Sain Germain St., Ste 600
St Cloud, MN 56301

Donald R. Lassman, Trustee
P O Box 920385
Needham, MA 02492

William Lawrence, Trustee
200 S. 7th Street, Suite 310
Legal Arts Bldg.
Louisville, KY 40202

Joel T Marker
McKay, Burton & Thurman
170 South Main Street #800
Salt Lake City, UT 84101

Deborah C. Menotte, Trustee
P O Box 211087
West Palm Beach, FL 33421

Debra Miller, Trustee
P O Box 11550
South Bend, IN 46634

Carla Musselman, Trustee
1619 Druid Road
Maitland, FL 32751

Bernard J. Natale, Trustee
6833 Stalter Drive, Suite 201
Rockford, IL 61108

Edward J. Nazar, Trustee
245 North Waco, Suite 402
Wichita, KS 67202-1117

Michael J. O'Connor, Trustee
O'Connor O'Connor Bresee & First
20 Corporate Woods Blvd
Albany, NY  12211

Marion A. Olson, Jr., Trustee
1020 NE Loop 410, Suite 800
San Antonio, TX 78209

Randolph N. Osherow
342 West Woodlawn, Suite 300
San Antonio, TX 78212

Steven R. Neuner, Trustee
Willow Ridge Executive Office Park
750 Route 73 South, Suite 210
Marltion, NJ  08053

Bradley J. Patten, Trustee
301 Green St. Suite 200
Post Office Box 1098
Gainesville, Georgia 30501

Joanne Paulino, Trustee
P O Box 24213
Canton, Ohio 44701-4213

John J. Petr, Trustee
111 Monument Circle, Suite 900
Indianapolis, IN 46204-5125

17

Richard Ramsey, Trustee
124 Capitol, Suite 1400
Little Rock, AR 72201

Dianne G. Reed, Trustee
604 Water Street
Waxahachie, TX 75165

Kenneth P. Silverman, Trustee
Silverman Perlstein & Acampora
              LLP
100 Jericho Quardrangle, Suite 300
Jericho, NY  11753

Janice E. Stanton, Trustee
104 West 9th Street, Suite 303
Kansas City, MO 64105

Joy R. Webster, Trustee
P.O. Box 1098
Macon, Georgia 31202

Max R. Tarbox, Trustee
1722 Broadway
Lubbock, Texas 79401

John R. Stoebner, Trustee
One Financial Plaza, Suite 2500
120 South 6th Street
Minneapolis, MN  55447

Michael T. Tabor, Trustee
203 S. Shannon
Jackson, TN  38301

Christopher J. Redmond, Trustee
One Hallbrook Place, Suite 350
11150 Overbook Road
Leawood, KS 66211-2298

John H. Ring, III, Trustee
383 Cleveland Drive
Cheektowaga, NY 14215

Barbara B. Stalzer, Trustee
555 Sun Valley Drive, Suite N-4
Roswell, GA 30076

Cecil M. Tipton, Jr., Trustee
PO Box 191
Opelika, Alabama 36801-0191

Frederick S. Wetzel, III, Trustee
1500 Riverfront Drive, Suite 104
Little Rock, AR 72202-1749

Henry J. Applewhite, Trustee
P.O. Box 724
Aberdeen, MS  39730

John C. Bircher, III, Trustee
Hunter Bircher, LLP
P.O. Box 567
New Bern, NC  28563

Philip J. Montoya
P.O. Box 159
Albuquerque, NM  87103

/s/ T. Matthew Miller
OF COUNSEL