FILED
2007 May-15 PM 12:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

1           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ALABAMA
2                    WESTERN DIVISION

3   JANICE MORGAN, et al.,        *
            Plaintiffs,           *    CV-01-UWC-0303-W
4                                 *    March 3, 2006
    vs.                           *    Tuscaloosa, Alabama
5                                 *    9:00 A.M.
    FAMILY DOLLAR STORES, INC.,   *
6         Defendant.              *
    *****************************
7
                         VOLUME 8
8              TRANSCRIPT OF JURY TRIAL
         BEFORE THE HONORABLE CHIEF JUDGE U.W. CLEMON
9                     And a Jury

10  FOR THE PLAINTIFFS:

11  HON. ROBERT L. WIGGINS, JR., ESQ.
    HON. C. MICHAEL QUINN, ESQ.
12  HON. GREGORY O. WIGGINS, ESQ.
    HON. HERMAN N. JOHNSON, JR., ESQ.
13  HON. ROCCO CALAMUSA, ESQ.
    WIGGINS, CHILDS, QUINN & PANTAZIS
14  301 19th Street, North
    Birmingham, AL 35203-3204
15
    HON. J. ALLEN SCHREIBER, ESQ.
16  HON. P. MARK PETRO, ESQ.
    TWO METROPLEX DRIVE, SUITE 250
17  BIRMINGHAM, AL  35209

18  FOR THE DEFENDANT:

19  HON. JAY D. ST. CLAIR, ESQ.
    HON. ABDUL K. KALLON, ESQ.
20  HON. JAMES WALKER MAY, ESQ.
    HON. RONALD H. KENT, JR., ESQ.
21  HON. T. MATTHEW MILLER, ESQ.
    BRADLEY, ARANT, ROSE & WHITE
22  P. O. Box 830709
    Birmingham, AL  35203
23
    HON. J. MARK WHITE, ESQ.
24  HON. AUGUSTA S. DOWD, ESQ.
    WHITE, ARNOLD, ANDREWS & DOWD
25  2025 3rd Avenue North, Suite 600
    Birmingham, AL  35203

1                        (Continued)

2

Christina K. Decker, RPR, CRR
3    Federal Official Court Reporter
101 Holmes Avenue, NE, Suite 305
4    Huntsville, AL 35801

5

6    Penny L. Enoch, RPR
Federal Official Court Reporter
7    1729 5th Avenue North, Room 325
Birmingham, AL  35203

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

<u>I N D E X</u>

Court's Oral Charge        4

Jury Question             26

Jury Verdict              32

1    March 3, 2006                                    9:00 a.m.

2                          <u>PROCEEDINGS</u>:

09:04:27    3              THE COURT:  Good morning, ladies and

09:14:01    4    gentlemen.  I trust you had a good evening.

09:14:50    5              I will now explain to you the rules of law

09:14:52    6    that you must follow and apply when deciding the case.

09:14:58    7    When I have finished, you will go back to the jury room

09:15:00    8    and begin your deliberations.

09:15:02    9              In deciding the case, you must follow and

09:15:06   10    apply all the law as I shall give it to you, whether you

09:15:11   11    agree with that law or not.  And you must not let your

09:15:16   12    decision be influenced in any way by sympathy or by

09:15:20   13    prejudice, for or against anyone.

09:15:24   14              The fact that a corporation is involved as a

09:15:28   15    party in the case should not influence your decision in

09:15:30   16    any way.  A corporation and all other persons stand

09:15:35   17    equal before the law and are to be dealt with as equals

09:15:38   18    in a court of justice.

09:15:41   19              Where a corporation is involved, of course,

09:15:43   20    it may act only through natural persons, as its agents

09:15:47   21    and employees.  And, in general, a corporation is

09:15:52   22    responsible under the law for the acts and statements of

09:15:56   23    its employees made within the scope of their duties, as

09:16:00   24    employees of the corporation.

09:16:03   25              In your deliberations, you should consider

09:16:06  1   only the evidence; that is, the testimony of the

09:16:09  2   witnesses from the witness stand, and the exhibits that

09:16:13  3   you will have with you in the jury room.  But as you

09:16:16  4   consider the evidence, both direct and circumstantial,

09:16:20  5   you may make deductions and reach conclusions which

09:16:24  6   reason and common sense leads you to make.

09:16:29  7         Direct testimony or "direct evidence" is

09:16:32  8   the testimony of one who asserts actual knowledge of a

09:16:36  9   fact, such as an eyewitness.  "Circumstantial evidence"

09:16:41  10  is proof of a chain of facts and circumstances tending

09:16:45  11  to prove or disprove any particular fact.  The law makes

09:16:51  12  no distinction between the weight to be given to direct

09:16:53  13  or circumstantial evidence, it simply says that you must

09:16:57  14  consider all of the evidence in reaching your decision.

09:17:02  15        Remember that anything the lawyers say is

09:17:04  16  not evidence.  And except for the instructions that I am

09:17:08  17  now giving you in this case, you should disregard

09:17:11  18  anything that I've said during the trial in reaching

09:17:15  19  your own conclusion as to what the facts are.  Again, I

09:17:21  20  remind you that you should not give any special weight

09:17:23  21  to any question I put to a witness or the witness'

09:17:28  22  answer to that question.  This is so, because you are

09:17:32  23  the only judges of the facts in the case.

09:17:39  24        In considering the evidence, you are not

09:17:42  25  required to accept all of it as being true or accurate.

09:17:47  1   You should decide whether you believe what a witness had

09:17:51  2   to say and how important that witness' testimony was.

09:17:58  3   In making that decision, you may believe or disbelieve

09:18:03  4   all, some, or none of the testimony of a witness.  Also,

09:18:09  5   the number of witnesses testifying to a particular fact

09:18:13  6   is not controlling.

09:18:16  7           In deciding whether you will believe the

09:18:19  8   testimony of a witness, and if so, the extent to which

09:18:25  9   you will rely on that testimony, I suggest that you ask

09:18:28  10  yourself a few questions.  First, did the witness

09:18:34  11  impress you as one who was telling the truth?  Did the

09:18:38  12  witness have any particular reason not to tell the

09:18:41  13  truth?  Did the witness stand to gain or lose something

09:18:45  14  by his or her testimony?  Did the witness have a good

09:18:51  15  memory?  Did the witness have the opportunity and the

09:18:55  16  ability to observe accurately the things he or she

09:19:00  17  testified about?  Did the witness appear to be answering

09:19:04  18  the questions directly, or did the witness appear to be

09:19:07  19  trying to evade answering certain questions to obscure

09:19:15  20  certain facts?  Was the witness' testimony supported by

09:19:19  21  other evidence in the case?

09:19:22  22          You have the right to believe as much of a

09:19:26  23  witness' testimony as you find worthy, and then to

09:19:30  24  reject the rest of it.  I point out to you that a simple

09:19:35  25  mistake by a witness does not necessarily mean that the

09:19:38   1   witness was not telling the truth as he or she remembers

09:19:41   2   it, because people naturally tend to forget some things

09:19:47   3   and to remember other things inaccurately.  So if a

09:19:51   4   witness has made a misstatement, you need to determine

09:19:57   5   or consider whether that misstatement was an innocent

09:20:02   6   error, lapse of memory on the part of the witness, or

09:20:08   7   whether the witness was deliberately trying to deceive

09:20:11   8   you.  The significance of that may turn on whether the

09:20:18   9   discrepancy or the inconsistency relates to an important

09:20:22  10   matter, or an unimportant detail.

09:20:28  11           I will now talk about the burden of proof.

09:20:31  12   In this case, each party making a claim or defense has

09:20:38  13   the burden or the responsibility of proving each

09:20:42  14   essential element, each part of that claim, by what the

09:20:51  15   law calls a "preponderance of the evidence".

09:20:58  16           Now, the standard of proof in a civil case

09:21:01  17   such as this is not the same; indeed, it's quite

09:21:08  18   different from the standard of proof in a criminal case.

09:21:10  19   In a criminal case, you remember the state has to prove

09:21:13  20   a defendant's guilt beyond a reasonable doubt.  That's

09:21:16  21   the highest standard of proof known in our system of

09:21:20  22   law.  That's not the standard of proof in a civil case

09:21:25  23   such as this.

09:21:27  24           Each party making a claim or defense has to

09:21:37  25   produce enough evidence to convince you that the claim

09:21:45  1   is more likely true than not true.  In other words, the

09:21:55  2   burden of proof is to show that the claim or defense is

09:22:01  3   probably true.

09:22:08  4          You should consider all of the evidence with

09:22:13  5   respect to each claim or defense in the case.  You

09:22:19  6   should consider all of the evidence produced by all of

09:22:21  7   the parties, and it doesn't matter which side produced

09:22:28  8   the evidence.  But if the proof fails to establish that

09:22:35  9   the claim or the defense is probably true, then you

09:22:45  10  should find against the party having the burden of proof

09:22:49  11  as to that claim.

09:22:53  12         In this case, the plaintiffs have brought an

09:23:04  13  action under the labor law, called the Fair Labor

09:23:09  14  Standards Act.  It's sometimes also called the overtime

09:23:14  15  law.  And the plaintiff makes two claims, really.

09:23:20  16         First, the plaintiffs say that their

09:23:24  17  employer, Family Dollar, violated the overtime law; and

09:23:31  18  second, the plaintiffs say that the violation was

09:23:37  19  willful, with respect to the first claim.

09:23:44  20         The Fair Labor Standards Act requires an

09:23:48  21  employer to pay its employees at a rate at least one and

09:23:53  22  a half times their regular rate for the time worked over

09:24:00  23  40 hours in any one workweek.  The regular rate for a

09:24:06  24  week is determined by dividing the salary by the number

09:24:12  25  of hours which the salary is intended to compensate.

09:24:17  1    The overtime rate, then, would be one and a half of that

09:24:22  2    rate.

09:24:25  3             This is what is called a collective action

09:24:30  4    under the Fair Labor Standards Act.  The case was filed

09:24:34  5    by three plaintiffs -- Janice Morgan, Barbara Richardson

09:24:40  6    and Cora Cannon.  All of the -- each of these was a

09:24:44  7    store manager for Family Dollar.  All of the other store

09:24:49  8    managers who are making claims in this case voluntarily

09:24:55  9    joined in the lawsuit filed by the three named

09:25:00  10   plaintiffs -- they opted into the lawsuit.

09:25:06  11            Now, it is not necessary that all of these

09:25:11  12   claimants have to testify in order to prove that Family

09:25:18  13   Dollar violated the Fair Labor Standards Act.  Rather,

09:25:22  14   they may rely on what the law calls representative

09:25:27  15   testimony.

09:25:29  16            Representative testimony means the

09:25:31  17   testimony of a relatively few number of witnesses in

09:25:36  18   order to establish a pattern of behavior among a larger

09:25:40  19   class of employees.  The testimony of an employee can be

09:25:45  20   -- can only be representative of other employees who

09:25:48  21   perform substantially similar work.

09:25:53  22            Now, because the non-testifying plaintiffs

09:25:55  23   have relied on representative testimony, it is not

09:25:58  24   necessary that Family Dollar prove that each of the

09:26:05  25   non-testifying employees was an executive, and thus

09:26:08    1    exempt from the overtime requirements.  And I'll tell

09:26:12    2    you about Family Dollar's affirmative defense in a

09:26:16    3    moment.   If Family Dollar proves that the representative

09:26:21    4    plaintiffs who did testify are, in fact, exempt

09:26:24    5    employees, then it would have carried its burden of

09:26:29    6    proof as to the non-testifying plaintiffs.

09:26:33    7            On the other hand, if Family Dollar fails to

09:26:36    8    carry its burden of proof with respect to the plaintiffs

09:26:39    9    who did testify, then it would have also failed to carry

09:26:43   10    its burden with respect to the non-testifying

09:26:49   11    plaintiffs.

09:26:53   12            I indicated to you that plaintiffs' first

09:26:57   13    claim is that Family Dollar Stores violated the Fair

09:27:04   14    Labor Standards Act.   In order to prevail on their

09:27:09   15    overtime claim, the named plaintiffs must prove that

09:27:13   16    each of the following things is true:  First -- and when

09:27:19   17    I finish telling you this, I'll tell you that they

09:27:22   18    proved it.  It's more or less stipulated.  First, each

09:27:26   19    of them must prove that he was employed or she was

09:27:31   20    employed by Family Dollar Stores between 1999 and the

09:27:37   21    present date.   Family Dollar doesn't deny that.

09:27:41   22            Second:  The plaintiffs must prove that

09:27:46   23    Family Dollar was engaged in interstate commerce; and

09:27:49   24    Family Dollar doesn't deny that.

09:27:52   25            Third, they must prove that Family Dollar

09:27:54 1   failed to pay them overtime; and Family Dollar doesn't

09:28:01 2   deny that.  So you should consider plaintiffs as having

09:28:06 3   met their burden of proof, that they were not paid

09:28:11 4   overtime.

09:28:13 5          But that, ladies and gentlemen, is just the

09:28:15 6   beginning of the inquiry.  Because under the law, there

09:28:23 7   are certain categories of employees for whom overtime is

09:28:31 8   not required.  And Family Dollar says that these store

09:28:40 9   managers fall into the "executive" exemption.  And if

09:28:48 10  they fall into that exemption, then the law says that

09:28:52 11  Family Dollar is not required to pay them overtime.

09:28:58 12         Now, exemptions to the Fair Labor Standards

09:29:04 13  Act are ordinarily construed against the employer.  And

09:29:08 14  basically, what the defendant Family Dollar has to show

09:29:12 15  is that they were probably -- that it was probably not

09:29:17 16  required to pay overtime to these employees because they

09:29:21 17  were executives.

09:29:25 18         You should be mindful that a job title

09:29:28 19  alone, such as "store manager", is insufficient to prove

09:29:36 20  that an employee is an executive.  The executive status,

09:29:44 21  or lack of it, of any particular worker is to be

09:29:48 22  determined on the basis of whether the employee's salary

09:29:53 23  and job duties meet the specific requirements of the

09:29:56 24  Fair Labor Standards Act.

09:29:58 25         Now, there are two sets of standards

| | |
|---|---|
| 09:30:03 | 1 |
| 09:30:09 | 2 |
| 09:30:14 | 3 |
| 09:30:17 | 4 |
| 09:30:24 | 5 |
| 09:30:29 | 6 |
| 09:30:35 | 7 |
| 09:30:40 | 8 |

1  applicable to the claims in this case.  In 2004 -- April

2  23rd, 2004, Congress changed the Fair Labor Standards

3  Act and it added a new requirement, which I'll talk

4  about.  It added that now requirement to the other three

5  requirements.  But the three basic requirements are

6  these -- these are the three things that Family Dollar

7  has to prove in order to prevail on its executive

8  exemption defense.

9           First:  It has to prove that each of the

10 plaintiffs was paid a salary of at least $250; that is,

11 for the plaintiffs who worked as store managers before

12 April the 23rd, 2004.  It has to prove that each of

13 those was paid a salary of at least $250.  And the

14 plaintiffs concede that all of them were paid at least

15 $250.  So that, you must take that as having been

16 proved.

17          Secondly:  Family Dollar must prove that the

18 primary duty of these plaintiffs was managerial,

19 executive.  That was their primary duty.

20          Third:  Family Dollar must prove that the

21 plaintiffs customarily and regularly directed the work

22 of two or more full-time employees.

23          So basically, in this case, given the facts

24 as they have developed, Family Dollar has to prove two

25 things for those plaintiffs who were store managers

09:32:25  1    before April the 23rd, 2004:  That their primary duty

09:32:30  2    was management; and secondly, that they supervised at

09:32:36  3    least -- that they regularly and customarily supervised

09:32:42  4    the work of at least two full-time employees, or their

09:32:48  5    equivalent.

09:32:52  6            With respect to the primary duty element.

09:32:57  7    "Primary duty" means the main, major, or most important

09:33:02  8    duty performed by the employee.  In determining whether

09:33:07  9    an employee's duties are his or her primary duty, you

09:33:13  10   should consider all of the facts surrounding the

09:33:16  11   employment.

09:33:17  12           The amount of time spent by an employee in

09:33:20  13   the performance of executive or managerial duties is a

09:33:24  14   useful guide in determining whether such duties are

09:33:27  15   primary.  The "rule of thumb" is that "primary duty"

09:33:32  16   means that the major part, or more than 50 percent of

09:33:36  17   the employee's time was spent in performing executive

09:33:40  18   duties.  But time alone is not the only factor in

09:33:45  19   determining whether the employee's duties were

09:33:48  20   managerial -- were primarily managerial.

09:33:54  21           An employee's primary duty may be executive

09:33:57  22   even if the employee spends less than half of his or her

09:34:01  23   time in such work.  In determining the primary duty, you

09:34:06  24   should consider the following factors:  The relative

09:34:13  25   importance of the employee's executives duties as

09:34:16    1    compared with the employee's non-executive duties; the

09:34:20    2    frequency with which the employee exercises

09:34:23    3    discretionary powers; the employee's relative freedom

09:34:30    4    from supervision; and the relationship between the

09:34:35    5    employee's salary and the wages paid to other employees

09:34:40    6    for the kind of non-executive work performed by the

09:34:43    7    employee making the claim.

09:34:55    8            Job title alone, as I alluded to earlier, is

09:34:59    9    insufficient to establish that an employee is an

09:35:02   10    executive.  Company policies, standing alone, don't

09:35:08   11    establish that an employee is or is not an executive.

09:35:14   12    The executive status must be determined on the basis of

09:35:17   13    whether the employee's salary and actual job duties meet

09:35:22   14    the requirements.

09:35:25   15            An executive employee may sometimes perform

09:35:28   16    non-exempt or non-managerial duties concurrent with his

09:35:33   17    executive duties, so long as the non-exempt duties are

09:35:39   18    not his primary duties.

09:35:42   19            "Non-exempt" or non-managerial work includes

09:35:44   20    such work as loading and unloading merchandise, stocking

09:35:50   21    merchandise, production work, and clerical work.

09:35:55   22            In determining whether a store manager is an

09:35:57   23    executive, you should consider the nature of the work

09:36:01   24    performed by the store manager.  For example, these

09:36:07   25    plaintiffs claim that they were "working foremen".  A

"working" or "supervising" foreman works alongside his
or her subordinates, performing the same kind of work as
the subordinates, and carrying out supervisory
functions.  But working foremen are not executives
within the meaning of the law.

On the second element, the two full-time
employees or the equivalent.  As a general rule,
supervising two employees means supervising two
individual employees, each of whom works 40 hours a
week.  Supervising any combination of full or part-time
employees, whether total hours supervised, exceeds 80
hours will also meet the requirement.  Hours worked by
an employee cannot be credited more than once for
different executives.  Thus, a shared responsibility for
the supervision of two -- of the same two employees in
the same store does not satisfy the requirement.

Continuous physical presence at a store is
not an essential requirement for supervision, so long as
the supervision is manifested in some other way such as
scheduling work shifts or "on-call" availability.

If you find that any of the plaintiffs or
opt-ins did not customarily and regularly supervise two
full-time employees or their equivalent, then you just
find that those employees are not executive employees.

In that regard, you're instructed that I

09:38:14  1   have decided as a matter of law that the defendant has

09:38:16  2   not carried its burden of proof of the two full-time

09:38:23  3   employees or equivalent for 162 of the plaintiffs.

09:38:29  4   They're shown on Defendant's Exhibit 1742C.  And for

09:38:36  5   those plaintiffs, you will only decide the amount of

09:38:41  6   damages, the amount of overtime they're entitled to, and

09:38:46  7   whether Family Dollar acted willfully in failing to pay

09:38:55  8   them the required overtime.

09:39:00  9          As to the other plaintiffs, it's up to you

09:39:03  10  to decide whether Family Dollar has carried its burden

09:39:09  11  of proof that they supervised two full-time employees or

09:39:16  12  their equivalent.  Now, that was the standard or that is

09:39:25  13  the standard with respect to those plaintiffs who worked

09:39:30  14  as store manager -- store managers for Family Dollar up

09:39:36  15  to April the 23rd, 2004.  As I indicated, the law

09:39:41  16  changed on that date, so that now there is a -- in

09:39:49  17  effect, for our purposes, an additional requirement.

09:39:53  18         Now, in addition to -- for those store

09:39:59  19  managers who worked as store managers after April 23rd,

09:40:03  20  2004, in addition to showing that managerial duties were

09:40:12  21  their primary duty, and that they supervised two

09:40:15  22  full-time employees or their equivalent, Family Dollar

09:40:19  23  must also show that the plaintiff had the authority or

09:40:27  24  has the authority to hire or fire, promote other

09:40:36  25  employees, or make recommendations concerning such

09:40:41  1    matters that are given particular weight.  This

09:40:51  2    additional requirement kicks into play as of April the

09:40:57  3    23rd, 2004.

09:41:07  4              The new regulations also indicate that work

09:41:10  5    that is directly or closely related to the performance

09:41:13  6    of executive work is also considered executive work.

09:41:18  7    The phrase "directly and closely related" work may

09:41:22  8    include physical tasks and menial tasks that arise out

09:41:26  9    of executive duties, and the routine work without which

09:41:31  10   the executive employees executive work cannot be

09:41:34  11   performed properly.

09:41:40  12             So let me summarize.  The burden of proof

09:41:48  13   for Family Dollar, as we sit here, for all of the

09:42:01  14   plaintiffs, Family Dollar has to prove that their

09:42:13  15   executive duties, managerial duties were their primary

09:42:19  16   duty.

09:42:20  17             Secondly, it must prove that they supervised

09:42:27  18   at least two full-time employees, or their equivalent.

09:42:34  19             And then, with respect to those who worked

09:42:37  20   as managers after April 23rd, 2004, it must show that

09:42:47  21   they either had the authority to hire, promote,

09:42:51  22   discharge, or that their recommendations concerning

09:42:56  23   hiring, promotions, discharges, those kinds of things,

09:43:00  24   were given particular weight.

09:43:03  25             If it proves these things, then it would

have carried its burden of proof of executive exemption,
except with respect to the 162 employees that I've told
you about.

If it fails to prove both of these things,
then it would have failed in its burden, and the
plaintiffs would be entitled to recover.

I have mentioned to you that the plaintiffs
have made a second claim, and that's the claim of
willfulness.  And the burden of proof, obviously, is on
the plaintiffs with respect to that claim.

To prove that an employer acted "willfully",
a plaintiff must establish that the employer probably
knew or showed reckless regard for the fact that its
conduct was forbidden by the Fair Labor Standards Act.
New or showed reckless regard for the law.  If the
plaintiff -- plaintiffs failed to carry that burden of
proof, then you will so indicate in your verdict form.

Now, if the defendant fails to convince you
that the plaintiffs are executive employees -- and, in
any event, with respect to the 162 plaintiffs for which
judgment as a matter of law has been granted, you must
consider the damages that the plaintiffs are entitled
to.  And the law says that the measure of damages that
the plaintiffs are entitled to for violation of the Fair
Labor Standards Act is the difference between what they

were actually paid, and what they should have been paid in overtime wages under the Fair Labor Standards Act.

Now, you compute those damages from two years before the filing of the lawsuit for the named plaintiffs, the three named plaintiffs; and they filed this lawsuit on January the 31st, 2001.  So you'd go back to January 31st, 1999 -- two years back, up to the date that they last worked for Family Dollar.  And for those employees -- those plaintiffs or opt-ins who continued to work for Family Dollar, the damages would come up to today.  But for those who quit or were discharged between the date of the filing of the lawsuit, the damages would cease as of the date of the discharge.

Now, with respect to the opt-in plaintiffs, their damages would start two days from the date of their opt-in to the lawsuit.  And you've got the exhibits in evidence, they will reflect these dates for each of the plaintiffs.

If the plaintiffs prove that Family Dollar acted willfully, then instead of two years, you would back up three years from the date that the lawsuit was filed, or the date on which the plaintiff intervened in this lawsuit.

Of course, the fact that I've given you

09:47:07 1    instructions on the issue of damages, except with

09:47:12 2    respect to the 162 plaintiffs that I've told you about,

09:47:16 3    the fact that I've given you these instructions should

09:47:24 4    not be interpreted by you as an indication that I

09:47:25 5    believe that the plaintiffs should or should not win

09:47:28 6    this case.

09:47:32 7         Any verdict you reach in the jury room must

09:47:34 8    be unanimous.  In order to return a verdict, all of you

09:47:39 9    must agree to it.  Your deliberations will be in secret;

09:47:43 10   you will never have to explain your verdict to anyone.

09:47:47 11   It is your duty as jurors to consult with one another,

09:47:52 12   discuss the case, in an effort to reach agreement.

09:47:57 13        Each of you must decide the case for

09:48:00 14   yourself, but only after a full consideration of all of

09:48:04 15   the evidence in the case with your fellow jurors.  In

09:48:09 16   the course of your discussions, do not hesitate to

09:48:16 17   re-examine your own views and to change your mind if you

09:48:24 18   become convinced that your position is wrong.  But don't

09:48:28 19   give up your honest beliefs just because others think

09:48:32 20   differently, or merely to get the case over with.

09:48:36 21        Ladies and gentlemen, I remind you that you

09:48:42 22   have no side in this case.  You are judges -- judges of

09:48:48 23   the facts.  Your only interest is to seek the truth from

09:48:53 24   the evidence in the case.

09:48:57 25        When you retire to the jury room, you will

09:49:00  1   first select one of you as the foreperson.  The

09:49:04  2   foreperson will preside over your deliberations and

09:49:07  3   speak for you here in court.

09:49:11  4              We are going to ask you to complete answers

09:49:17  5   to certain questions, which we're going to put to you.

09:49:20  6   And these answers will constitute your verdict.  I'll

09:49:28  7   just go over those questions now.

09:49:31  8              The first question deals with the 162

09:49:35  9   plaintiffs who have received judgment as a matter of law

09:49:38  10  and for which you have to compute damages.  The first

09:49:42  11  question is this:  What amount of overtime pay do you

09:49:45  12  award to the 162 plaintiffs for whom the defendant,

09:49:48  13  Family Dollar Stores, Inc., has not met the two

09:49:52  14  full-time employees or their equivalent requirements?

09:49:56  15             And you will fill in the blank.  Your answer

09:50:00  16  will reflect whether you have found that the plaintiffs

09:50:09  17  have carried their burden of proof of willfulness.  Put

09:50:14  18  another way, if the plaintiffs have not carried their

09:50:18  19  burden of proof, the amount you put in this -- these 162

09:50:22  20  plaintiffs -- have not carried their burden of proof

09:50:25  21  figure that you put in this blank will reflect two years

09:50:30  22  of backpay; that is, two years prior to the date on

09:50:35  23  which they opted in to the lawsuit or filed the lawsuit.

09:50:41  24             If you find that they have carried their

09:50:45  25  burden of proof of willfulness, the limitation period

09:50:49  1   will be three years.

09:50:53  2            Question 2:  Do you find that the Family

09:50:56  3   Dollar Stores has probably proved that the plaintiffs

09:51:00  4   were exempt executive employees under the Fair Labor

09:51:04  5   Standards Act?  And using the instructions that I will

09:51:07  6   -- that I have given you, you will answer that question

09:51:11  7   "yes" or "no".  And Family Dollar will have carried its

09:51:17  8   burden if it proves that the executive or managerial

09:51:23  9   responsibilities of the plaintiffs were their primary

09:51:27  10  duty, and that the plaintiffs supervised two or more

09:51:32  11  full-time employees or their equivalent.

09:51:36  12            If it fails to prove any one or both of

09:51:42  13  those things, then your answer will be "no".  If it

09:51:46  14  proves both of those things, your answer will be "yes".

09:51:50  15  And if you answer "yes", then you won't answer any other

09:51:55  16  questions, because the plaintiffs will have lost.

09:52:01  17            Question 3 is:  What amount of overtime pay

09:52:04  18  are the plaintiffs entitled to?  And you will fill in

09:52:11  19  the amount using the two-year statute, if you find

09:52:15  20  willfulness -- I'm sorry -- if you find -- if you don't

09:52:21  21  find willfulness, and three years if you find

09:52:25  22  willfulness.

09:52:29  23            And Question Number 4 -- I've got 3 two

09:52:34  24  times here on this page, but I'll change it before I

09:52:37  25  give it to you.  Question Number 4:  Do you find that

09:52:41  1   the plaintiffs have probably proved that Family Dollar

09:52:43  2   Stores, Inc., acted willfully?  And you'll answer that

09:52:47  3   question "yes" or "no".  Of course, as it turns out, you

09:52:51  4   will answer -- you will really answer this question

09:52:54  5   first, because in order to determine whether the 162

09:52:58  6   plaintiffs are entitled to the three-year limitation

09:53:02  7   period or the two-year limitation period, you will have

09:53:06  8   to determine whether the defendant acted willfully.

09:53:12  9        Well, actually, let me change that a little

09:53:15  10  bit.  The first thing you've got to determine is whether

09:53:20  11  Question Number 2:  Did Family Dollar prove that these

09:53:25  12  employees were executive employees?  But you'll have

09:53:31  13  these questions with you in the jury room when you

09:53:34  14  retire, along with the exhibits.

09:53:42  15       If at any time during your deliberations you

09:53:46  16  wish to ask a question, send a message or note to me,

09:53:55  17  please reduce your question, note, or message to

09:54:02  18  writing, signed by the foreperson, and give it to the

09:54:07  19  Court Security Officer or the courtroom deputy, who will

09:54:10  20  bring it to me, and I will respond as promptly as

09:54:14  21  possible, either by writing or having you return to the

09:54:16  22  courtroom so that I can address you orally.

09:54:19  23       I caution, however, with respect to any

09:54:21  24  message or question you might send, that you should not

09:54:24  25  tell me your numerical division at the time.

09:54:30    1             Counsel will approach the bench.

09:54:52    2                   (At the bench:)

09:54:52    3             THE COURT:  All of your objections that you

09:54:56    4   previously raised are preserved for the record.

09:55:00    5             Are there any additional objections?

09:55:06    6             MR. ST. CLAIR:  I'll speak first, Your

09:55:10    7   Honor.  I think you misspoke and said the new

09:55:12    8   regulations came into effect April 23rd, and it's

09:55:15    9   actually August 23.

09:55:16   10             THE COURT:  Yeah, okay.

09:55:18   11             MR. ST. CLAIR:  That may need to be

09:55:19   12   clarified.  But I would also point out, Your Honor, that

09:55:22   13   none of the testifying plaintiffs, none of the

09:55:25   14   representative plaintiffs were employed after August 23,

09:55:29   15   2004.  So we would object to even charging on the period

09:55:34   16   after August 23, 2004.  But I do think that date needs

09:55:38   17   to be corrected.

09:55:39   18             THE COURT:  All right.

09:55:39   19             MR. ST. CLAIR:  The other thing, Your Honor,

09:55:41   20   is on the verdict form.  I think that Question 2 should

09:55:46   21   be worded to exclude the "162 for which judgment as a

09:55:51   22   matter of law has been entered".  And also the damage

09:55:55   23   calculation Question 3, it should also exclude the 162.

09:56:01   24   Otherwise, the jury may -- you see, award backpay for

09:56:06   25   that same 162 twice.

09:56:08  1          THE COURT:  Yeah.

09:56:09  2          MR. JOHNSON:  Your Honor, with respect to

09:56:10  3  the 162 plaintiffs on which you found judgment as a

09:56:12  4  matter of law, to show willfulness on the two FTE issue,

09:56:21  5  there actually will be more plaintiffs included in the

09:56:23  6  calculation, and that goes to Defendant's 1742F.  If you

09:56:29  7  go back three years, the two-year calculation is only

09:56:33  8  162; with the three-year, we go to 1742F with the names.

09:56:38  9          MR. ST. CLAIR:  Your Honor, just for the

09:56:40  10  record, we would object to Your Honor instructing the

09:56:42  11  jury as to which evidence they should refer to in their

09:56:48  12  deliberations.

09:56:49  13          THE COURT:  Well, I -- I find that you

09:56:52  14  waived that objection, because when I have referred to

09:56:56  15  that exhibit and I gave them the instructions yesterday,

09:57:01  16  you didn't object.  But...

09:57:05  17          MR. R. WIGGINS:  Judge, could I ask a

09:57:06  18  question?  When you said that our prior objections were

09:57:12  19  preserved, were you including from June -- our

09:57:15  20  objections in June, you were including those?

09:57:18  21          THE COURT:  To the extent that I've given

09:57:20  22  the same instructions here, yes, sure.

09:57:22  23          MR. R. WIGGINS:  Okay.

09:57:32  24          (End of bench conference.)

09:57:34  25          THE COURT:  Ladies and gentlemen, the

09:57:35  1  lawyers have called to my attention that I used the word
09:57:40  2  April 2004.  It should have been August.  August.
09:57:45  3         And secondly, I take it that you know that
09:57:51  4  if the -- that the backpay, if you find that the
09:57:57  5  defendant has not carried its burden of proof, the
09:58:00  6  backpay for the other plaintiffs, that the total amount
09:58:07  7  that's reflected in the appropriate exhibit, that you'll
09:58:11  8  deduct the amount that you've already taken out for the
09:58:15  9  162 plaintiffs.
09:58:20  10        In other words, 162 plaintiffs are not to be
09:58:23  11 paid twice.  There won't be any double recovery for
09:58:28  12 them.
09:58:29  13        And should you find that the defendant has
09:58:34  14 acted willfully, then the three-year -- the computations
09:58:40  15 for the three-year period are shown in Defendant's
09:58:48  16 Exhibit 1742F.
09:58:54  17        You may retire to consider your verdict.
09:58:58  18     (Jury out to consider verdict at 9:50 a.m.)
09:59:35  19        THE COURT:  We'll be in recess until the
09:59:38  20 call of the jury.
11:29:10  21        (Jury has question at 11:20 a.m.)
11:29:24  22        THE COURT:  I'll give the lawyers a chance
11:29:29  23 to confer with their respective sides about the
11:29:32  24 appropriate answer to the inquiry.
11:29:49  25        MR. MAY:  Your Honor, Mr. St. Clair was

| | | |
|---|---|---|
| 11:29:53 | 1 | outside. |
| 11:29:53 | 2 | THE COURT:  All right. |
| 11:29:55 | 3 | MR. MAY:  They went to get him. |
| 11:32:04 | 4 | THE COURT:  Has everyone seen the note? |
| 11:32:07 | 5 | MR. MAY:  I wanted to be sure I quoted it |
| 11:32:10 | 6 | correctly to Mr. St. Clair. |
| 11:32:12 | 7 | MR. ST. CLAIR:  Will that be made a court |
| 11:32:14 | 8 | exhibit? |
| 11:32:14 | 9 | THE CLERK:  It will become part of the |
| 11:32:16 | 10 | record. |
| 11:32:16 | 11 | MR. ST. CLAIR:  Yeah.  Yeah. |
| 11:33:03 | 12 | THE COURT:  What is the suggested response |
| 11:33:05 | 13 | from the plaintiffs to the note -- for the record, let |
| 11:33:10 | 14 | me first read the note:  "Judge, what do we base our |
| 11:33:16 | 15 | dollar amount on for all reported hours over 52? |
| 11:33:23 | 16 | Thanks.  Marcus Campbell." |
| 11:33:26 | 17 | What is the suggestive response of the |
| 11:33:28 | 18 | plaintiffs to the inquiry? |
| 11:33:33 | 19 | MR. JOHNSON:  Well, Your Honor, it's a |
| 11:33:37 | 20 | little ambiguous as to whether they're asking for -- |
| 11:33:43 | 21 | like reference to an exhibit, or they're asking for |
| 11:33:46 | 22 | reference to a calculation. |
| 11:33:50 | 23 | If they're asking for a reference to a |
| 11:33:52 | 24 | calculation, then the inference from the 52 would lead |
| 11:33:58 | 25 | to one way, but I mean, we can't make that inference |

11:34:01  1    without knowing exactly whether they're basing this on a

11:34:06  2    40-hour or 52-hour calculation.  If it's 52, then, of

11:34:10  3    course, as we discussed yesterday, it's half of the

11:34:13  4    overtime rate, which is the half rate of the regular

11:34:16  5    rate up to 52, and then time and a half over that.

11:34:20  6              Now, the jury, we can give them that number,

11:34:24  7    but with respect to them calculating damages, I don't

11:34:27  8    know how they'd do that without, of course, a lot of

11:34:30  9    other factors and variables.

11:34:32  10             If they're looking for a particular number,

11:34:34  11   or looking for a particular exhibit, with respect to

11:34:38  12   what backpay would be based upon, if it's a 52-hour

11:34:43  13   workweek, then -- let me check and see here -- then

11:34:52  14   Defendant's Exhibit 1959A, which has a 52-hour

11:35:00  15   calculation -- I'm sorry, Your Honor -- and they have

11:35:04  16   two columns there, one for two-year and one for three-

11:35:07  17   year, if it's willful.

11:35:11  18             The two-year calculation on 52 hours is

11:35:16  19   $13,720,958.64.  The three-year calculation, based upon

11:35:26  20   52 hours, is $19,091,003.39.  And if I understand

11:35:41  21   correctly, this Defendant's Exhibit -- this is 1959A;

11:35:46  22   that would include the plaintiffs who you awarded the

11:35:52  23   two FTE judgment on, the 162.

11:35:58  24             THE COURT:  What is the suggestive response

11:36:01  25   of the defendants?

11:36:05  1          MR. ST. CLAIR:  Your Honor, we don't

11:36:08  2   understand what the question is intended to ask about.

11:36:15  3   So, we're not able to provide the Court a suggested

11:36:20  4   answer to the question, because we just don't know what

11:36:23  5   the question is.

11:36:24  6          So, I -- I guess I would have two thoughts,

11:36:27  7   Your Honor.  One would be to say that to the extent

11:36:34  8   you're calculating damages, that should be done based

11:36:37  9   upon the evidence presented and the law that I've

11:36:44  10  instructed you on.

11:36:45  11         The other option, Your Honor, and this may

11:36:47  12  be a better one, is that in the Court's wisdom, you may

11:36:52  13  be able to communicate to the jury that the Court is not

11:36:59  14  understanding the jury's question.  And maybe if the

11:37:03  15  jury could reformulate the question, then the Court

11:37:07  16  might be able to supply an answer.

11:37:11  17         THE COURT:  It's my perception that the jury

11:37:15  18  is asking, where do we go to find the dollar amount for

11:37:39  19  the reported hours over 52?  And I can understand that

11:37:53  20  inquiry, in view of the large number of exhibits that

11:37:59  21  are in evidence.

11:38:11  22         Did Dr. Bradley offer any exhibits on this

11:38:14  23  issue?

11:38:15  24         MR. R. WIGGINS:  Dr. Bradley did a 40 and a

11:38:18  25  48; the defendant did the 52.

| | | |
|---|---|---|
| 11:38:21 | 1 | THE COURT:  All right.  Okay.  All right. |
| 11:38:26 | 2 | MR. ST. CLAIR:  And, again, Your Honor, it's |
| 11:38:29 | 3 | not clear to the defendant which group this question |
| 11:38:33 | 4 | refers to; whether this is referring to the group of 162 |
| 11:38:39 | 5 | or the balance. |
| 11:38:43 | 6 | THE COURT:  Well, I assume that they're |
| 11:38:45 | 7 | talking about both groups. |
| 11:38:49 | 8 | MR. R. WIGGINS:  Both groups are on the |
| 11:38:52 | 9 | exhibit -- are on the exhibit Mr. Johnson gave you.  I |
| 11:38:56 | 10 | forgot the number. |
| 11:38:57 | 11 | MR. JOHNSON:  1959A. |
| 11:39:00 | 12 | THE COURT:  Yes.  Does the defendant know of |
| 11:39:02 | 13 | any other exhibit, other than 1959A, which bears |
| 11:39:08 | 14 | directly on this question? |
| 11:39:11 | 15 | MR. ST. CLAIR:  No, Your Honor. |
| 11:39:13 | 16 | THE COURT:  All right. |
| 11:39:55 | 17 | MR. ST. CLAIR:  The only other document, |
| 11:40:00 | 18 | Your Honor, would be the one referred to in Your Honor's |
| 11:40:02 | 19 | charge that relates to that group of 162.  That's the |
| 11:40:08 | 20 | 1742 -- |
| 11:40:09 | 21 | MR. JOHNSON:  1742C and F.  C is the two- |
| 11:40:13 | 22 | year; and F is the three-year. |
| 11:40:15 | 23 | MR. ST. CLAIR:  Three-year.  So that -- that |
| 11:40:22 | 24 | -- and of course, here's a bit of my confusion about it |
| 11:40:27 | 25 | when they're saying for hours over 52.  These charts are |

11:40:31   1   based on taking the salary -- based on the assumption
11:40:37   2   that the salary is intending to compensate for 52 hours.
11:40:40   3                THE COURT:  Yes.
11:40:42   4                MR. ST. CLAIR:  That formula we talked about
11:40:43   5   earlier.  So that would be the exhibits.
11:40:45   6                THE COURT:  All right.  Well, my tentative
11:40:59   7   response is this:  The parties have agreed that
11:41:07   8   Defendant's Exhibits 1959A and 1742C are the only ones
11:41:16   9   bearing relative to the question.
11:41:24  10                MR. JOHNSON:  It's -- subject to the
11:41:26  11   understanding, Your Honor, that their question means
11:41:32  12   that 52 hours is what the salaries were intended to
11:41:35  13   compensate.
11:41:36  14                THE COURT:  That's the only -- what other
11:41:38  15   inference would you draw from the question?
11:41:39  16                MR. JOHNSON:  That's about it, Your Honor.
11:41:46  17                MR. R. WIGGINS:  There was the one nuance,
11:41:48  18   Judge, that it was 48, then it changed to 52 at some
11:41:51  19   point during in the six-year period.
11:41:54  20                THE COURT:  Yeah.  Well, they're asking
11:41:56  21   about the 52.
11:42:01  22                Objections to the Court's proposed charge?
11:42:06  23                We'll be in recess subject to the call of
11:43:04  24   the jury.
11:43:05  25                MR. JOHNSON:  Your Honor, I just wanted --

| | | |
|---|---|---|
| 11:43:07 | 1 | somebody pointed out that when you listed the exhibits |
| 11:43:10 | 2 | that you were going to reference to the jury, you said |
| 11:43:12 | 3 | 1959A and 1742C, but you may have missed 1742F as well; |
| 11:43:21 | 4 | and F is the three-year. |
| 11:43:24 | 5 | THE COURT:  Okay.  So it's 1742F, in |
| 11:43:31 | 6 | addition to C? |
| 11:43:32 | 7 | MR. JOHNSON:  Yes, sir. |
| 11:43:58 | 8 | THE COURT:  All right.  Thank you. |
| 11:44:00 | 9 | MR. KALLON:  Your Honor, I've got an |
| 11:44:02 | 10 | unrelated matter very quickly, administrative.  The |
| 11:44:05 | 11 | slides that I used in my closing argument yesterday -- |
| 11:44:08 | 12 | THE COURT:  Yes, sir. |
| 11:44:09 | 13 | MR. KALLON:  -- which are not exhibits for |
| 11:44:11 | 14 | the jury, but for the record, are Defendant's Exhibits |
| 11:44:13 | 15 | 2360 -- give those to Mr. Smitherman. |
| 11:44:24 | 16 | MR. CALAMUSA:  And for the plaintiffs, it's |
| 11:44:25 | 17 | Plaintiffs' Exhibit 300. |
| 11:44:27 | 18 | THE COURT:  All right. |
| 11:45:39 | 19 | MR. KALLON:  Are we excused? |
| 11:45:40 | 20 | THE COURT:  Oh, yes.  You're excused.  Don't |
| 11:46:04 | 21 | go very far. |
| 11:46:04 | 22 | (Jury continuing to deliberate at 11:38 a.m.) |
| 11:48:54 | 23 | (Jury has verdict at 11:40 a.m.) |
| 11:48:54 | 24 | THE COURT:  Let's bring the jury. |
| 11:49:01 | 25 | (In open court, jury present at 11:43 a.m.) |

11:49:41  1                   THE COURT:  Ladies and gentlemen, have you

11:49:43  2      reached a verdict?

11:49:44  3                   THE FOREMAN:  Your Honor, we have.

11:49:45  4                   THE COURT:  The clerk will receive the

11:49:47  5      verdict.  The clerk will read the verdict.

11:49:53  6                   The clerk has directed me to read the

11:50:00  7      verdict.

11:50:03  8                   "Question 1:  What amount of overtime pay do

11:50:06  9      you award to the 162 plaintiffs for whom the defendant

11:50:09  10     Family Dollar Stores, Inc., has not met the 'two

11:50:13  11     full-time employees or their equivalent' requirement?

11:50:17  12     The answer is $1,575,932.12.

11:50:22  13                  "Question Number 2:  Do you find that the

11:50:25  14     Family Dollar Stores, Inc., has probably proved that the

11:50:29  15     plaintiffs were exempt executive employees under the

11:50:31  16     Fair Labor Standards Act?  The answer is no.

11:50:36  17                  "Question Number 3:  What amount of overtime

11:50:39  18     pay are the plaintiffs entitled to?  And the answer is

11:50:44  19     $17,516,071.27.

11:50:49  20                  "Question Number 3:  Do you find that the

11:50:52  21     plaintiffs have probably proved that Family Dollar

11:50:55  22     Stores, Inc., acted 'willfully' in denying overtime pay

11:51:00  23     to the plaintiffs?  The answer is "yes."

11:51:02  24                  Is there a request that the jury be polled?

11:51:04  25                  MR. ST. CLAIR:  There is, Your Honor.

11:51:06  1            THE COURT:  The clerk will poll the jury.

11:51:07  2            THE CLERK:  As I poll your name, please,

11:51:11  3   state whether this is your true verdict or not.

11:51:11  4            (Jury polled.)

11:51:53  5            THE COURT:  Ladies and gentlemen, would you

11:51:54  6   mind retiring back to the jury room one more time?

11:52:11  7            (In open court, jury out at 11:46 a.m.)

11:52:16  8            THE COURT:  Is there any claim of

11:52:21  9   inconsistency of the verdict?

11:52:25  10           MR. ST. CLAIR:  The one thing that I am not

11:52:26  11   able to do immediately, Your Honor, is determine whether

11:52:30  12   the backpay for Question 1 has been subtracted from the

11:52:35  13   amount in Question 3.  I just don't have the numbers in

11:52:38  14   front of me.  But it's this double recovery issue we

11:52:43  15   talked about at the end of the jury charge --

11:52:45  16           THE COURT:  All right.  I want the parties

11:52:47  17   to have the option right here and now of bringing to the

11:52:56  18   Court the proceeding of any inconsistency in the verdict

11:52:59  19   so that we can have the jury reconcile the

11:53:02  20   inconsistency, assuming that there is one.

11:53:06  21           It seems to me that it's simply a matter of

11:53:09  22   taking the relevant exhibit and the total amount for all

11:53:18  23   of the plaintiffs and deducting that $1.5 million from

11:53:22  24   it and see where you are.

11:54:02  25           MR. CALAMUSA:  Can we have the verdict form

| | | |
|---|---|---|
| 11:54:03 | 1 | to do the math? |
| 11:54:36 | 2 | MR. ST. CLAIR:  While they're deciphering |
| 11:54:39 | 3 | over there, Your Honor, does Your Honor contemplate |
| 11:54:42 | 4 | counsel having an opportunity to talk to the jury here |
| 11:54:45 | 5 | in the courtroom, or would you prefer that be done |
| 11:54:48 | 6 | later? |
| 11:54:48 | 7 | THE COURT:  Well, do y'all want to talk to |
| 11:54:50 | 8 | them? |
| 11:54:50 | 9 | MR. WHITE:  Not in the courtroom. |
| 11:54:53 | 10 | THE COURT:  Pardon me? |
| 11:54:54 | 11 | MR. WHITE:  The last time you brought them |
| 11:54:56 | 12 | in the box.  And I think if you tell them they can talk |
| 11:55:00 | 13 | to us, fine, but the last session where you actually, |
| 11:55:04 | 14 | you know -- I -- I didn't like that. |
| 11:55:08 | 15 | I mean, if the Court will let them talk to |
| 11:55:10 | 16 | us, let them decide what they want to do.  But that |
| 11:55:14 | 17 | inquisition about -- |
| 11:55:16 | 18 | THE COURT:  Well, I don't -- I will ask |
| 11:55:18 | 19 | them -- |
| 11:55:20 | 20 | MR. WHITE:  Okay. |
| 11:55:21 | 21 | THE COURT:  -- whether they either want to |
| 11:55:24 | 22 | talk to you or want to let you ask some questions off |
| 11:55:28 | 23 | the record. |
| 11:55:29 | 24 | MR. WHITE:  That's fine. |
| 11:55:30 | 25 | THE COURT:  And those who don't want to do |

| | | |
|---|---|---|
| 11:55:32 | 1 | it, I will thank them and let them go; and those that |
| 11:55:34 | 2 | want to do it, I'll let you talk to them. |
| 11:55:37 | 3 | MR. ST. CLAIR:  But not here in the -- |
| 11:55:39 | 4 | THE COURT:  Yeah.  Right here while they're |
| 11:55:42 | 5 | sitting. |
| 11:55:49 | 6 | MR. ST. CLAIR:  It appears that there was a |
| 11:55:51 | 7 | thousand dollar error done in the jury's calculation, |
| 11:55:55 | 8 | Your Honor. |
| 11:55:56 | 9 | THE COURT:  Well, you want me to send it |
| 11:56:00 | 10 | back to the jury to make that change? |
| 11:56:05 | 11 | MR. ST. CLAIR:  Well, I don't know.  Which |
| 11:56:06 | 12 | way does the error go?  You know, some of those errors |
| 11:56:15 | 13 | on your bank statement you call the bank about and some |
| 11:56:17 | 14 | of them you don't. |
| 11:56:19 | 15 | MR. R. WIGGINS:  It's in their favor.  If |
| 11:56:21 | 16 | they'll just tell us that I'll give it to them, we'll |
| 11:56:25 | 17 | call it -- |
| 11:56:31 | 18 | THE COURT:  It was? |
| 11:56:35 | 19 | MR. R. WIGGINS:  It's in their favor. |
| 11:56:37 | 20 | MR. ST. CLAIR:  Never mind. |
| 11:56:38 | 21 | THE COURT:  All right.  Let's bring in the |
| 11:56:40 | 22 | jury.  You can be seated. |
| 11:57:19 | 23 | (Jury in court at 11:50 a.m.) |
| 11:57:19 | 24 | (In open court, jury present.) |
| 11:57:20 | 25 | THE COURT:  Ladies and gentlemen, thank you |

11:57:21   1   so much for your sacrifices these last two weeks.   It's

11:57:27   2   been an extremely valuable public service that you have

11:57:33   3   rendered.   As you may have guessed, this is not the

11:57:37   4   first time this case has been tried.   And the last jury

11:57:43   5   was not able to reach a verdict.   And I'm happy that you

11:57:46   6   were able to resolve this dispute for us.

11:57:51   7           With our lasting gratitude, you're now

11:57:55   8   excused.   But before you go, let me say this to you:

11:58:01   9   The lawyers -- at least some of them, at least -- want

11:58:06   10   to talk to you.   As I said to you, you don't have to

11:58:10   11   talk with anybody about this case if you don't want to.

11:58:12   12   And if you don't mind talking with them, fine.   If you

11:58:19   13   don't want to talk with them, those of you who don't,

11:58:25   14   you can leave right now and I'll have everybody wait

11:58:28   15   here until you get out of the building.

11:58:30   16           If you don't mind talking with them and

11:58:32   17   sharing your thoughts or whatever it is with them, you

11:58:35   18   can stay here.   And we'll give about 10 or 15 minutes

11:58:41   19   for them to ask questions, or for you to ask them

11:58:43   20   questions.   And we'll handle it however you wish.

11:58:48   21           Those of you who want to leave now, thank

11:58:51   22   you so much, again, and have a good weekend.   Those who

11:58:56   23   want to stay can stay and either say what you want to

11:58:59   24   say or answer whatever questions the lawyers want to put

11:59:02   25   to you.   But even if you stay and they ask you a

11:59:05  1   question, you don't have to answer it.

11:59:08  2           All right.  Those that want to leave, thank

11:59:11  3   you now.

11:59:29  4           (All jurors left.)

11:59:37  5           THE COURT:  Y'all stay here a minute,

11:59:39  6   because there's still the issue --

11:59:41  7           MR. ST. CLAIR:  One issue I want to remind

11:59:43  8   the Court --

11:59:43  9           THE COURT:  The bankruptcy issue.

11:59:45  10          MR. ST. CLAIR:  -- the bankruptcy issue and

11:59:48  11  Your Honor said, let's see what the verdict is and we

11:59:50  12  can submit the documents later.  We can either do that

11:59:53  13  now -- so -- or we can do it later.  I don't think it

12:00:00  14  has to be done here today.

12:00:01  15          THE COURT:  It doesn't have to be done here

12:00:03  16  today.  What I'd like the defendant to do, because I --

12:00:11  17  I'm going to grant the motion.  I think under existing

12:00:17  18  Eleventh Circuit law, I have to.  I'm going to grant the

12:00:21  19  motion.

12:00:21  20          And so what I'd like the defendant to do

12:00:28  21  within the next week, by next Friday, is to serve on the

12:00:33  22  Court and counsel for the plaintiffs, the names of the

12:00:39  23  bankrupt plaintiffs and the amount to be deducted from

12:00:45  24  the award that's been entered.  And then by Friday, the

12:00:55  25  17th, plaintiffs' counsel will respond.  And after that,

12:01:03  1   I'll issue a final judgment.

12:01:08  2           Is there any suggested change in that

12:01:12  3   procedure?  Mr. Johnson?

12:01:14  4           MR. JOHNSON:  Other than the ruling itself,

12:01:16  5   Your Honor, I don't think we have any objection to it.

12:01:18  6   I mean --

12:01:19  7           THE COURT:  Well, if you can give me some

12:01:21  8   Eleventh Circuit authority which says that I have any

12:01:25  9   discretion whatsoever -- incidentally, I think the

12:01:28  10  Eleventh Circuit probably hasn't taken into account the

12:01:33  11  decisions which indicate that it's -- the district court

12:01:36  12  has no discretion in the matter.

12:01:38  13          MR. JOHNSON:  Supreme Court says --

12:01:40  14          THE COURT:  There is a Supreme Court --

12:01:41  15  there is Supreme Court case which says to the contrary,

12:01:43  16  but I believe that some of the Eleventh Circuit cases

12:01:47  17  have come down even after the Supreme Court case,

12:01:49  18  haven't they?

12:01:49  19          MR. JOHNSON:  That's true, Your Honor,

12:01:51  20  butk--

12:01:52  21          THE COURT:  And so if they've come down

12:01:54  22  after the Supreme Court case, I'm bound by the Eleventh

12:01:57  23  Circuit.

12:01:57  24          MR. JOHNSON:  That's true, Your Honor, to

12:01:59  25  the extent that the Eleventh Circuit interpreted Supreme

| | | |
|---|---|---|
| 12:02:03 | 1 | Court precedent correctly.  And in this instance, we |
| 12:02:07 | 2 | argue that the esteemed Eleventh Circuit did not do so |
| 12:02:11 | 3 | with respect to *New Hampshire versus Maine*. |
| 12:02:14 | 4 | THE COURT:  But I don't recall whether the |
| 12:02:16 | 5 | Eleventh Circuit's subsequent decisions mentioned *New* |
| 12:02:24 | 6 | *Hampshire*. |
| 12:02:24 | 7 | MR. JOHNSON:  Yes.  There is one -- I left |
| 12:02:29 | 8 | the reference, Your Honor -- one case that mentioned -- |
| 12:02:32 | 9 | no, they really haven't discussed it. |
| 12:02:34 | 10 | THE COURT:  All right.  Well, I'll take |
| 12:02:38 | 11 | anything you have on the issue.  You can submit the |
| 12:02:40 | 12 | briefs by next Friday as well. |
| 12:02:42 | 13 | But my present feeling is that I have no |
| 12:02:47 | 14 | discretion but to hold that the defendant -- that |
| 12:02:51 | 15 | plaintiffs who have filed bankruptcy petitions under any |
| 12:02:58 | 16 | Chapter and have failed to list the Family Dollar |
| 12:03:04 | 17 | lawsuit as an asset, are judicially estopped from |
| 12:03:11 | 18 | recovering from this action. |
| 12:03:14 | 19 | MR. ST. CLAIR:  One final matter, Your |
| 12:03:16 | 20 | Honor, is the matter of liquidated damages. |
| 12:03:18 | 21 | THE COURT:  Yes, sir. |
| 12:03:20 | 22 | MR. ST. CLAIR:  We would ask the Court's |
| 12:03:22 | 23 | indulgence to allow us to submit a brief to Your Honor |
| 12:03:25 | 24 | on that issue.  We can do it within whatever reasonable |
| 12:03:29 | 25 | period the Court requires. |

12:03:33  1          MR. JOHNSON:  Well, Your Honor, we would

12:03:34  2    like to move for liquidated damages at this point, so --

12:03:39  3    present that issue to the Court --

12:03:41  4          THE COURT:  All right.  The defendant will

12:03:43  5    respond to the motion by next Friday.

12:03:49  6          MR. ST. CLAIR:  Next Friday.  Yes, Your

12:03:51  7    Honor.

12:03:51  8          THE COURT:  Yes.  All right.  Anything else?

12:03:54  9          MR. R. WIGGINS:  Your Honor, I had thought

12:03:56  10   that the charge at one point had said if they found

12:03:58  11   willfulness, it would be doubled.

12:04:01  12         MR. ST. CLAIR:  His Honor corrected that.

12:04:03  13         THE COURT:  I left that out of the charge.

12:04:05  14         MR. R. WIGGINS:  Okay.

12:04:11  15         THE COURT:  Thank you.

12:04:16  16         MR. WHITE:  We're gone, Judge.

12:04:26  17         (Court adjourned at 11:56 a.m.)

          18

          19

          20

          21

          22

          23

          24

          25

1                          <u>CERTIFICATE</u>

2

3

4         I certify that the foregoing is a correct

5    transcript from the record of proceedings in the

6    above-entitled matter.

7

8

9

10

11   _____        _____

12   Christina K. Decker, RPR, CRR                Date

13   Federal Official Court Reporter

14

15

16

17

18

19

20

21

22

23

24

25