FILED
2009 Nov-19 PM 12:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| JANICE E. MORGAN and BARBARA RICHARDSON, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) CIVIL ACTION NO.<br>) 7:01-CV-0303-UWC |
| FAMILY DOLLAR STORES, INC., | )<br>)<br>) |
| Defendant. | ) |

## JOINT MOTION FOR LEAVE
## TO DEPOSIT FUNDS WITH THE COURT AND TO AUTHORIZE
## DISBURSEMENT OF OTHER FUNDS IN SATISFACTION AND
## DISCHARGE OF THE AMENDED FINAL JUDGMENT

Come now Family Dollar Stores, Inc. ("Family Dollar") and, by and through their undersigned counsel, those Plaintiffs who have filed Bankruptcy Petitions, and together move unto this Court for entry of an Order for leave to deposit certain funds with the Clerk of this Court and for authority to disburse other funds in satisfaction and discharge of the Amended Final Judgment in the above-styled case. Pursuant to Rule 67(a), F.R.C.P., Family Dollar seeks leave to pay a portion of the Amended Final Judgment into Court for such 50 Plaintiffs who had filed their Bankruptcy Petition and whose Trustee was substituted or joined as a Plaintiff and to otherwise satisfy its obligation of the Amended Final Judgment in

1

accordance of the terms of the agreement the Parties reached (as hereinafter defined). In support of this Motion, the Parties set forth as follows:

1. Plaintiffs filed their suit in the above described action, seeking the recovery of damages for lost wages and, pursuant to statute, a matching sum as liquidated damages. Such matter was tried to a Jury, which returned a verdict in favor of the Plaintiffs.

2. After such verdict was entered, Family Dollar renewed its Motion to Dismiss the claims of those Plaintiffs whose claims were barred by judicial estoppel and/or lack of standing because of the filing of a Bankruptcy Petition by such Plaintiffs. *See, Doc. Nos. 543, 571 and 582*.

3. On March 31, 2006, the Court entered its final Judgment, and excluded the portion of the Judgment due to Plaintiffs who had filed a Bankruptcy Petition. However, the Court authorized the applicable Bankruptcy Trustees to "petition the Court by a Motion to Alter or Amend the Judgment to be substituted in place of a Plaintiff who has been dismissed on grounds of judicial estoppel or from want of standing." *See Doc. No. 592*.

4. On April 25, 2006, the Court entered its Order directing some Trustees to move to substitute and another group to file a Motion for Joinder. *See Doc. No. 671*. Pursuant to such Order, Plaintiffs filed a Notice of Substitution and Joinder for 56 Plaintiffs on June 28, 2006. *See Doc. No. 693*.

5. Family Dollar moved to strike the Notice and, alternatively, opposed it as it related to several of the 56 identified Plaintiffs. *See Doc. No. 694*.

6. On April 16, 2007, the Court entered an Amended Final Judgment awarding damages to 50 (of the 56) Plaintiffs identified in the Notice of Substitution and Joinder. *See Doc. No. 708*. Pursuant to the Amended Final Judgment, the Court awarded "$1,164,040.42 as overtime back pay and additional $1,164.040.42 as liquidated damages." *Id*.

7. Family Dollar then appealed the Judgment and the Amended Final Judgment to the Eleventh Circuit Court of Appeals, which ultimately affirmed the District Court.

8. Pursuant to certain disagreements and disputes relating to how payment of the Judgment could or would be made, liabilities as they relate to the Bankruptcy Trustees, payroll withholding taxes and the like, the Plaintiffs and Family Dollar entered into an agreement on April 13, 2009, a copy of which Agreement is attached hereto as **Exhibit A** and incorporated herein by reference (the "Agreement"). Pursuant to the terms of the such Agreement, the Parties agreed to stay execution of the Judgment and Amended Final Judgment pending the determination of a Writ of Certiorari filed by Family Dollar with the United States Supreme Court. The Agreement also addressed liability concerns Family Dollar had raised after it had received a notice of lien for one of such 50 Plaintiffs.

3

As set forth in more detail in the Agreement, the Parties agreed that if the United States Supreme Court denied the Writ of Certiorari, Family Dollar then would segregate that portion of the Amended Final Judgment due to either the Bankruptcy Trustees or their Debtors, and would deposit such sum with this Court so as to permit the Trustees, Debtor-Plaintiffs and lienholders to resolve their disputes relating to such sums.  Further, the Agreement authorizes Family Dollar to withhold certain payroll and related taxes from distribution to such Trustees and Plaintiffs with respect to that portion of the Amended Final Judgment relating to overtime back pay and to pay such identified taxes and related charges directly to the taxing sources in satisfaction and in discharge of such withholding obligations.  The balance of all of such sums attributable to the Bankruptcy Plaintiffs/Trustees would be paid into this Court, and the gross amount of such recovery, including interest, shall be deemed the sum recovered by the respective Bankruptcy Estates.  Family Dollar and the Plaintiffs seek entry of an Order approving the Agreement, and Family Dollar seeks to comply with such Agreement through payment of identified sums into this Court.  Payment of the Amended Final Judgment for those Plaintiffs who had not filed Bankruptcy or for those who earned wages post-discharge was made directly to counsel for such Plaintiffs on October 7, 2009, which sum is held in an IOLTA account pending final determination of the correct amount payable to each such Plaintiff.

9. The Plaintiffs who filed Bankruptcy Petitions, together with Family Dollar, further request that this Court approve the terms and conditions of the Agreement and the compromise and settlement set forth therein. Approval of this Agreement on behalf of all the Plaintiffs who filed Bankruptcy Petitions is in the best interests of those Plaintiffs, their respective bankruptcy estates and creditors, as the Agreement will prevent further expense, inconvenience, and delay in the disbursement to these Plaintiffs of their respective shares of the Amended Final Judgment. Absent approval of the Agreement by this Court, the Plaintiffs who filed Bankruptcy Petitions will incur substantial time and expense engaged in needless and duplicative litigation to confirm the amount of payroll taxes and other statutory obligations required to be withheld from the payments to be made hereunder. Accordingly, approval of the Agreement is in the best interests of the Plaintiffs who filed Bankruptcy Petitions, their respective bankruptcy estates, and their respective creditors. See *In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir.), *cert. denied sub nom¸ Wallis v. Justice Oaks II, Ltd.*, 498 U.S. 959, 111 Sup.Ct. 387, 112 L.Ed.2d 398 (1990).

10. A breakdown of what each Plaintiff/Trustee (or lienholder) is due, and the identification of applicable withholding, is described in more detail on the attached **Exhibit B**, incorporated herein by reference. As reflected therein, each individual is identified by name (although each has a Trustee). The Social Security

Numbers identified in the second column have been redacted for the purposes of this Motion. The said Exhibit B identifies specifically the taxes and related withholdings and further sets out in the final column those monies paid to the individual employees post-discharge, which sums are the subject of withholding but are not payable to the Trustees. Pursuant to the Amended Judgment, these 50 individuals/Trustees are due the total sum of $2,328,080.84. The applicable taxes and payroll withholdings on that portion of the Judgment relating to overtime back pay totals $440,651, which sum now is held by Family Dollar in a segregated fund. After deduction of such withholdings, Plaintiffs/Trustees are due the total sum of $1,887,429.84 (i.e., $723,389.42 for that portion of the Amended Final Judgment related to back pay, net of taxes and payroll withholdings, together with that portion of the Amended Judgment related to liquidated damages). To such sum appropriately due the Plaintiffs/Trustees is post-judgment interest calculated at 4.77% which, through October 7, 2009, totals the sum of $285,427.42, thereby deriving that portion of the Amended Final Judgment due to be paid to the Bankruptcy Plaintiffs/Trustees the sum of $2,172,857.26.

    11.    With respect to such taxes and payroll withholdings, Family Dollar has agreed to pay such obligations directly to the applicable tax or similar authority. Family Dollar also has agreed to provide to each Trustee a W-2 tax form for each Debtor's estate no later than February 1, 2010. The applicable

Bankruptcy Estates shall be entitled to treat all taxes withheld as being withheld from such estates and said withholdings shall be available by the estates to offset any income tax liability of such estate or to be refunded to the estate if said withholdings are in excess of the estate's tax liability.  Upon payment of the applicable taxes and withholdings, together with payment of those sums identified herein as being deposited with this Court, and upon delivery of the applicable W-2 and related tax forms to the respective bankruptcy estates, the obligations of Family Dollar shall be deemed satisfied and discharged in that Family Dollar delivered to counsel for the Plaintiffs all sums due under the Amended Judgment that do not relate to employees who had filed a Bankruptcy Petition and for whom Trustees had intervened or otherwise become Plaintiffs.

12. Upon payment of the $2,172,857.26 to the Clerk of this Court, the Plaintiffs, with the support of Family Dollar, seek entry of an Order which directs the Clerk to pay such total sum to Lee R. Benton as counsel for the Plaintiffs who have filed Bankruptcy Petitions, to be held in his IOLTA account until he is promptly able to distribute appropriate funds to each of the identified bankruptcy estates.

13. Family Dollar requests the Court grant it leave pursuant to Rule 67(a) F.R.C.P., to deposit such funds with this Court to comply with the terms of its Agreement.

WHEREFORE PREMISES CONSIDERED, the Plaintiffs who have filed Bankruptcy Petitions and Family Dollar respectfully request that the Court enter an Order as follows:

(a) Approving the Agreement pursuant to 11 U.S.C. § 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedures;

(b) Authorizing *nunc pro tunc* counsel for those Plaintiffs who have filed Bankruptcy Petitions to enter into, execute and effective the Agreement, on behalf of such Plaintiffs and their respective Trustees and bankruptcy estates;

(c) Authorizing and directing Family Dollar (1) to deposit the total sum of $2,172,857.26 with the Clerk of this Court and (2) to pay directly to the appropriate taxing and related authorities such sums as constitute taxes and withholding for such identified employees as relates to the overtime back pay portion of the Amended Final Judgment;

(d) Authorizing and directing the Clerk of this Court, immediately upon receipt of the $2,172,857.26 to be deposited by Family Dollar with the Clerk pursuant to this Motion and the Agreement, to disburse all of such funds to Lee R. Benton as counsel for those Plaintiffs who have filed Bankruptcy Petitions and their respective Trustees;

(e) Directing Family Dollar to supply W-2 tax forms directly to the applicable Trustees for such bankruptcy estates no later than February 1, 2010;

(f) Satisfying the Judgment entered against Family Dollar upon payment of all sums described herein and discharging Family Dollar from any further obligations relating to the Final Judgment and Amended Final Judgment upon payment of such sums and upon the delivery of the W-2 and related tax forms to the applicable Trustees; and

(g) Granting such other, different and further relief as to which Family Dollar and the Plaintiffs may be entitled.

Respectfully submitted this 19th day of November, 2009.

          s/Abdul Kallon
Abdul Kallon
One of the Attorneys for Defendant
Bradley Arant Boult Cummings LLP
One Federal Place
1819 5th Avenue North
Birmingham, AL 35203
(205) 521-8294
(205) 488-6275 (Fax)
akallon@babc.com

9

      s/Lee R. Benton
_____
Lee R. Benton
One of the Attorneys for Plaintiffs
Benton & Centeno, LLP
2019 Third Avenue North
Birmingham, Alabama 35203
(205) 278-8000
(205) 278-8008 - Fax
lbenton@bcattys.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| JANICE E. MORGAN and BARBARA RICHARDSON, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 7:01-CV-0303-UWC |
| FAMILY DOLLAR STORES, INC., | ) ) ) | |
| Defendant. | ) | |

## ORDER

This matter came before the Court upon the Joint Motion for Leave to Deposit Funds with the Court and to Authorize Disbursement of other Funds in Satisfaction and Discharge of the Amended Final Judgment. The Court has considered the Motion and believes that it is well taken, that the identified Agreement is in the best interest of the Plaintiffs who filed Bankruptcy Petitions, their respective Bankruptcy Estates and creditors, and that Rule 67 is an appropriate method to achieve such ends. Therefore, it is hereby

ORDERED, ADJUDGED and DECREED as follows:

(A)   The Agreement between the Plaintiffs and the Defendant is hereby

APPROVED, *nun pro tunc*, and counsel for the Plaintiffs who have filed Bankruptcy Petitions are authorized to execute the Agreement and the parties to the Agreement are authorized to effect its terms;

(B)   Family Dollar Stores, Inc. is hereby AUTHORIZED to deposit with the Clerk of this Court the total sum of $2,172,857.26 and, upon such deposit and the funds clearing the account of the Clerk, the Clerk is hereby AUTHORIZED and DIRECTED to pay to Lee R. Benton, attorney, the total sum of $2,172,857.26;

(C)   Lee R. Benton, as attorney for the Plaintiffs who have filed a Bankruptcy Petition is hereby AUTHORIZED and DIRECTED promptly to pay to each of the respective Bankruptcy Estates (or the Trustee representing such Estates) the appropriate sum of money payable to such Plaintiff, in recognition that payroll taxes and related taxes and benefits have been deducted;

(D)   Family Dollar Stores, Inc. is hereby DIRECTED to supply W-2 tax forms directly to the applicable Bankruptcy Trustees for such Bankruptcy Estates no later than February 1, 2010;

(E)   Family Dollar Stores, Inc. is hereby DIRECTED to pay directly to the appropriate taxing and related authorities such sums as constitute taxes and withholding for such identified employees as relates to the overtime, back pay portion of the Amended Final Judgment; and

2

(F)   Upon payment of such sums as described herein and upon the delivery of the W-2 and related tax forms to the applicable Trustees, Family Dollar Stores, Inc. shall be fully DISCHARGED from any further obligation relating to the Final Judgment and/or the Amended Final Judgment, as well as the Agreement.

DONE and ORDERED this _____ day of November, 2009.

_____
United States District Judge

3