FILED
2011 Nov-15 PM 01:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JANICE E. MORGAN and BARBARA RICHARDSON, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) CIVIL ACTION NO.: 7:01-cv-0303-SLB<br>)<br>) |
| v. | )<br>)<br>) |
| FAMILY DOLLAR STORES, INC., | )<br>) |
| Defendant. | ) |

## ORDER

This matter is before the court on plaintiffs' Omnibus Motion for Clarification Regarding Excess Funds (the "Omnibus Motion") (doc. 761)[1], the defendant's Response to the Omnibus Motion (the "Response") (doc. 762), and plaintiffs' Supplement to the Omnibus Motion (the "Supplement") (doc. 764). The Omnibus Motion was filed on behalf of nine of the named individual plaintiffs/opt-ins (the "individual plaintiffs") and the bankruptcy trustees who were subsequently substituted for such individuals post-trial (the "trustee plaintiffs" and, together with the individual plaintiffs, the "plaintiffs")[2] in the above described matter and sought "clarification" as to the disbursement of what is

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] The nine (9) plaintiffs and trustees are: Tammie Coggins (Cecil M. Tipton, Jr., trustee); R. C. Fowlkes (Steven R. Neuner, trustee); Janet Summerlin (Camille Hope, trustee); Judy Tidrick (Joanne Paulino, trustee); Josue Carrera (Stanley J. Kartchner, trustee); Karla Fletcher (Walter Kelley, trustee); Larry Harville (Joy Webster, trustee); Carla Nelson (Kevin Kubie, trustee); and Vada Rose (Leslie A. Davis, trustee).

identified as "excess funds" being held by the trustee plaintiffs or their counsel in or related to the bankruptcy cases of such individual plaintiffs.

The Order this court entered on April 25, 2006 (the "Original Order") held:

> "To the extent that the damage award for these opt-in [Individual] Plaintiffs listed in this paragraph exceeds the total liabilities reflected in their bankruptcy awards, such [Individual] Plaintiffs are judicially estopped from recovery of the excess amount."

(Doc. 671 at 3.) The Omnibus Motion sought clarification to authorize the bankruptcy trustees to distribute to the respective individual plaintiffs (a) the "excess amounts" remaining after all other obligations of the respective bankruptcy estates had been paid after such cases were reopened or, (b) with respect to cases that were not reopened, the "excess amounts" remaining in the respective bankruptcy trustees' possession with respect to such bankruptcy estates.[3] (*See* doc. 761.) Through its Response, defendant argued that, consistent with the Original Order, such "excess amounts" should be remitted to it. (*See* doc. 762.)

Prior to a hearing on the Omnibus Motion, its Supplement and the Response to such matters, the court was advised that the parties had reached an amicable resolution as to how such matters should be addressed. The court finds that the resolution of this matter is fair and reasonable and that entry of this Order approving the resolution is due

---

[3]The Bankruptcy Estates for seven of the individual plaintiffs were reopened and the monies paid by defendant either have been or are being administered through such Estates; the bankruptcy trustees for two of the individual plaintiffs' bankruptcy Estates, Janet Summerlin and Judy Tidrick, refused to reopen previously closed bankruptcy cases to administer such funds and, in so doing, attorneys fees which otherwise may have been determined to be due to counsel for such plaintiffs were not administered through such cases.

and appropriate.  This Order is entered to memorialize and approve the terms agreed to by the plaintiffs and defendant.

1.  Attorneys fees sought by counsel for the plaintiffs with respect to the Janet Summerlin and Judy Tidrick matters have not been paid in full and additional fees are due to be awarded.  The court finds that the attorneys fees sought by counsel in the Supplement are appropriate, that the amount involved is both reasonable and necessary under the circumstances of this case, and hereby **ALLOWS** and **AUTHORIZES** payment of attorneys fees to counsel for plaintiff (a) with respect to the Janet Summerlin matter in the total amount of **$43,473.38**, which shall be payable solely from and through the funds and property of the bankruptcy estate of Ms. Summerlin, and (b) with respect to the Judy Tidrick matter in the total amount of **$17,269.32**, which shall be payable solely from and through the funds and property of the bankruptcy estate of Ms. Tidrick.  No additional costs or expenses are allowed.  The court is informed that such monies now are held in the trust account of plaintiffs' counsel and such plaintiffs' counsel are authorized to pay allowed fees from the monies now held in Trust.

2.  To the extent that any bankruptcy trustee retains any funds or other property of the bankruptcy estate of any of the individual plaintiffs after all distributions due to be made pursuant to 11 U.S.C. § § 726(A)(1), (A)(2), (A)(3), (A)(4), and (A)(5) have been made by such estate (in each case, the "Excess Funds"), the bankruptcy trustees shall promptly provide to defendant an accounting reflecting the amount of Excess Funds for each respective bankruptcy estate and promptly disburse such Excess Funds of such

bankruptcy estates **(1) fifty percent (50%)** to defendant and **(2) fifty percent (50%)** to the debtor or debtors in such individual plaintiff's bankruptcy case.

      3.      With respect to the Janet Summerlin and Judy Tidrick cases as well as the bankruptcy case of Karla Fletcher, each have been resolved completely, and the amounts of Excess Funds to be split between defendant and the respective debtors in accordance with Paragraph 2 of this Order are set forth on <u>Exhibit A</u> attached hereto.  Counsel for the trustees in the cases of Ms. Summerlin, Ms. Tidrick, and Ms. Fletcher is hereby **ORDERED** to distribute the Excess Funds in such cases to, defendant and the respective debtors consistent with the terms of Paragraph 2 of this Order.

      4.      With respect to each of the bankruptcy cases of Larry Harville, Tammie Coggins, Carla Nelson, Vada Rose, R. C. Fowlkes and Josue Carrera, upon the completion of all distributions due to be made pursuant to 11 U.S.C. § § 726(A)(1), (A)(2), (A)(3), (A)(4), and (A)(5) in each such case, the bankruptcy trustee in each such case shall promptly provide an accounting of such Excess Funds to and distribute the Excess Funds, if any, between defendant and the debtor(s) in such case in accordance with the terms of Paragraph 2 of this Order.  Counsel for the plaintiffs are **ORDERED** to continue to remain in contact with the respective bankruptcy trustees to promptly implement and complete the terms of this Order.

      5.      Defendant shall have and retain the right to object to any claims asserted in any of the individual debtors' bankruptcy cases and to any distributions proposed to be

made by the trustee plaintiffs pursuant to 11 U.S.C. § § 726(A)(1), (A)(2), (A)(3), (A)(4), or(A)(5).

    6.    As agreed to by the parties, this Order constitutes an accord and satisfaction of any claims the parties might otherwise have with regard to the funds at issue, including, without limitation, any claims defendant has asserted in the bankruptcy cases of the individual plaintiffs.

    **DONE** and **ORDERED** this 15th day of November, 2011.

_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

## **EXHIBIT A**

| | | |
|---|---|---|
| Janet Summerlin | Total Surplus | $111,470.21 |
| | Less attorney fees | $ 43,473.38 |
| | Surplus remaining for distribution : | $ 67,996.83 |
| | Payable to Family Dollar | $ 33,998.41 |
| | Payable Janet Summerlin | $ 33,998.41 |
| | | |
| Judy Tidrick | Total Surplus | $ 44,280.30 |
| | Less attorneys fees | $17,269.32 |
| | Surplus remaining for distribution: | $ 27,010.98 |
| | Payable to Family Dollar: | $ 13,505.49 |
| | Payable Judy Tidrick: | $ 13,505.49 |
| Karla Fletcher | Total Surplus | $17,198.50 |
| | Payable to Family Dollar: | $8,599.25 |
| | Payable to Karla Fletcher: | $8,599.25 |